<table>
<tr><td><b>Fill in this information to identify the case:</b></td></tr>
</table>

United States Bankruptcy Court for the:

_____ District of **Delaware** _____
                                       (State)

Case number (*if known*): _____ Chapter **11** ____

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Fred's, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Dublin Aviation, Inc. |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 6 2 – 0 6 3 4 0 1 0 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 2001   Bryan Street | |
| Number      Street | Number      Street |
| Suite 1550 | |
| | P.O. Box |
| Dallas          TX    75201 | |
| City          State    ZIP Code | City          State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Dallas | |
| County | Number      Street |
| | Dublin          GA |
| | City          State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | www.fredsinc.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding  LLP)<br>☐ Other. Specify: _____ |

Debtor     Fred's, Inc._____     Case number (if known)_____
           Name

| 7. **Describe debtor's business** | **A.** *Check one:* |
|---|---|

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4 2 4 9 9 0

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A)* with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____  When _____  Case number _____
                                      MM / DD / YYYY

        District _____  When _____  Case number _____
                                        MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor  See Annex 1 _____  Relationship  Affilate _____

        District  Delaware _____  When _____
                                           MM / DD / YYYY

        Case number, if known _____

| Debtor | Fred's, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |
|---|---|

_____

| City | State | ZIP Code |
|---|---|---|

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☑ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☑ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | Fred's, Inc. | Case number (if known) |
|--------|--------------|------------------------|
|        | Name |  |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---------------------------|--------------|---------------------------|---------------------------|
|  | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
|  | ☑ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
|  | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   09/09/2019
              MM / DD / YYYY

✗ /s/ Joseph M. Anto                         Joseph M. Anto
Signature of authorized representative of debtor      Printed name

Title  Chief Executive Officer

**18. Signature of attorney**

✗ /s/ Derek C. Abbott              Date   09/09/2019
Signature of attorney for debtor              MM / DD / YYYY

Derek C. Abbott
Printed name
Morris, Nichols, Arsht & Tunnell LLP
Firm name
1201      North Market Street, 16th Floor
Number      Street
Wilmington                          Delaware   19899-1347
City                                State      ZIP Code

(302) 658-9200                      dabbott@mnat.com
Contact phone                       Email address

3376                                DE
Bar number                          State

## AFFILIATED ENTITIES

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed petitions for relief under chapter 11 of title 11 of the United States Code in this Court. Contemporaneously with the filing of these petitions, these entities filed a motion requesting the Court jointly administer their chapter 11 cases.

1. Fred's Stores of Tennessee, Inc.

2. Fred's, Inc.

3. National Equipment Management and Leasing, Inc.

4. National Pharmaceutical Network, Inc.

5. Reeves-Sain Drug Store, Inc.

6. Summit Properties-Jacksboro, LLC

7. Summit Properties-Bridgeport, LLC

8. 505 N. Main Opp, LLC

**RESOLUTIONS OF**
**THE RESTRUCTURING COMMITTEE OF**
**THE BOARD OF DIRECTORS OF FRED'S INC.**

**September 8, 2019**

On September 8, 2019, at a telephonic meeting of the restructuring committee of the board of directors (such committee, the "*Committee*") of Fred's Inc., a Tennessee corporation ("*Fred's*"), which is the sole stockholder or the indirect parent, as applicable, of each entity listed on Exhibit A hereto (each, a "*Company*" and collectively with Fred's, the "*Companies*"), the Committee took the following actions and adopted the following resolutions in accordance with (i) Tennessee Code §48-18-201, and any successor statute, as it may be amended from time to time, (ii) the Amended and Restated Bylaws of Fred's, as amended, and (iii) the Restated Charter of Fred's, as amended.

<u>**Authorization to Commence Chapter 11 Proceedings;**</u>
<u>**Authorization to Employ and Retain Requisite Professionals**</u>

WHEREAS, the Committee has reviewed and analyzed the materials presented by Companies' management and the Companies' financial, legal, and other advisors and has held numerous, extensive and vigorous discussions (including with management and such advisors) regarding such materials and the liabilities and liquidity situation of the Companies, the short- and long-term prospects of the Companies, the restructuring and strategic alternatives available to the Companies, and the impact of the foregoing on the Companies' business and operations and has consulted with management and the Companies' financial, legal, and other advisors regarding the above; and

WHEREAS, the Committee has determined that it is necessary, advisable and in the best interests of the Companies, and necessary and convenient to the purpose, conduct, promotion, or attainment of the business and affairs of the Companies, that a petition be filed by each Company seeking relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") and that such Company undertake related actions.

NOW THEREFORE BE IT:

RESOLVED, that the Committee, in its best judgment, and after consultation with management and the Companies' financial, legal, and other advisors, has determined that it is desirable and in the best interests of the Companies, their respective creditors and shareholders that a voluntary petition for relief under chapter 11 of the Bankruptcy Code be filed;

RESOLVED FURTHER, that the "*Authorized Officers*" referenced in these resolutions shall be, with respect to each Company, the Chief Executive Officer, Chief Restructuring Officer, General Counsel and/or the Secretary of such Company or, where applicable, the Chief Executive Officer, Chief Restructuring Officer, General Counsel and/or the Secretary of a Company in such Company's capacity as the sole member of a Company;

RESOLVED FURTHER, that each Authorized Officer, be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to execute and verify or certify a

petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") at such time as such officers shall determine;

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to execute and file all pleadings, schedules, lists, and other papers, and to take any and all actions that each such officer may deem necessary or proper in connection with the foregoing resolutions;

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to engage the law firm of Kasowitz Benson Torres LLP ("***Kasowitz***") as general bankruptcy counsel to represent and assist such Company in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance such Company's rights and interests, including filing any pleadings and making any filings with regulatory agencies or other governmental authorities; and, in connection therewith, each Authorized Officer be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of each Company's chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Kasowitz;

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to continue engaging the services of the law firm of Akin Gump Strauss Hauer & Feld LLP ("***Akin Gump***") as special counsel under section 327(e) of the Bankruptcy Code to represent and assist such Company with respect to corporate, tax, and certain litigation matters and to take any and all actions to advance such Company's rights and interests, including filing any pleadings and making any filings with regulatory agencies or other governmental authorities; and, in connection therewith, each Authorized Officer be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of each Company's chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Akin Gump;

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to engage the law firm of Morris, Nichols, Arsht & Tunnell LLP ("***MNAT***") as Delaware counsel to represent and assist such Company in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance such Company's rights and interests, including filing any pleadings and making any filings with regulatory agencies or other governmental authorities; and, in connection therewith, each Authorized Officer be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of each Company's chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of MNAT;

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to engage Epiq Bankruptcy Solutions LLC ("***Epiq***") as claims, notice and balloting agent to represent and assist such Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to

advance such Company's rights and interests; and, in connection therewith, each Authorized Officer be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of each Company's chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Epiq;

RESOLVED FURTHER, that each Authorized Officer, be, and hereby is authorized and empowered on behalf of, and in the name of, each Company to engage Berkeley Research Group, LLC ("**BRG**") as financial and restructuring advisor to represent and assist such Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance such Company's rights and interests; and, in connection therewith, each Authorized Officer be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of each Company's chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of BRG; and

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to engage any other professionals as deemed necessary or appropriate in their respective sole discretion to assist such Company in carrying out its duties under the Bankruptcy Code, including executing appropriate retention agreements, paying appropriate retainers prior to or after the filing of the Companies' chapter 11 case, and filing appropriate applications for authority to retain the services of any other professionals as any Authorized Officer shall in their sole discretion deem necessary or desirable.

## DIP Financing and Related Matters

RESOLVED FURTHER, that in the judgment of the Committee, it is desirable and in the best interests of each Company, their creditors and other parties in interest, that such Company shall be, and hereby is, authorized to obtain senior secured superpriority post-petition financing (the "**DIP Financing**") on the terms and conditions of the proposed debtor-in-possession financing agreement or term sheet between the applicable Companies, as borrowers or guarantors, as applicable, the financial institutions from time to time party thereto as lenders (the "**DIP Lenders**"), the administrative agent and collateral agent (in such capacities, the "**DIP Agent**"), and other agents and entities from time to time party thereto, substantially in the form presented to the Committee on or in advance of the date hereof, with such changes, additions, and modifications thereto as any Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof and to grant to the DIP Agent for itself and for the benefit of the DIP Lenders liens on substantially all of the Companies' assets with priority under sections 364(c) and (d) of the Bankruptcy Code. The terms of the DIP Financing shall be reflected in a proposed interim DIP order substantially in the form presented to the Committee on or in advance of the date hereof, with such changes, additions, and modifications thereto as any Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof (the "**Interim DIP Order**") to be submitted for approval to the Bankruptcy Court;

RESOLVED FURTHER, that each Company will obtain benefits from the use of the Companies' collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code, which is security for certain prepetition secured lenders (collectively, the

"*Secured Lenders*") party to that certain Revolving Loan and Credit Agreement, dated April 9, 2015, as amended, among certain Companies as "Borrowers" and "Guarantors" thereunder as applicable, Regions Bank, an Alabama bank, as administrative agent, co-collateral agent and lender and Bank of America, N.A., as co-collateral agent and lender;

RESOLVED FURTHER, in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Secured Lenders (the "*Adequate Protection Obligations*"), as documented in the Interim DIP Order;

RESOLVED FURTHER, that the form, terms, and provisions of the Interim DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, ratified and approved, and each Authorized Officer be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which such Company is or will be a party, including, but not limited to, any mortgage, security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order, the "*DIP Documents*"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof presented to the Committee on or in advance of the [date hereof,] with such changes, additions, and modifications thereto as any Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof;

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "*UCC*") financing statements, any other equivalent filings, any intellectual property filings and recordations and any necessary assignments for security or other documents in the name of each Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case, as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Interim DIP Order;

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of adequate protection, appropriate fees and expenses payable in connection with the Adequate Protection Obligations and appropriate fees and expenses incurred by or on behalf of such Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in his or her sole judgement be necessary, proper, or advisable to perform any of such Company's obligations under or in connection with the Interim DIP Order or any of the

other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

RESOLVED FURTHER, that the Authorized Officers of Fred's, by the signature of any one or more of them, be and each of them individually is hereby duly authorized and empowered to negotiate, make, execute and deliver in the name of Fred's any agreement or agreements with Regions Bank, an Alabama bank, as administrative and collateral agent (together with its successors and assigns in such capacity, "*Administrative Agent*") for the DIP Lenders, Regions Bank and Bank of America, N.A., as co-collateral agents ("*Co-Collateral Agents*"), and such DIP Lenders, with respect to financial or credit accommodations to the Companies, certain affiliates of Fred's or others, which agreement or agreements (and any and all amendments thereto and renewals and extensions thereof) may contain any terms and provisions whatsoever which any of the said officers may deem appropriate, including, but not limited to, provisions for one or more Companies to (i) borrow monies from the DIP Lenders on a secured revolving credit basis in such amounts as may be mutually agreed to from time to time among certain affiliates of Fred's, Administrative Agent, Co-Collateral Agents, the DIP Lenders and any of said officers of the Companies, (ii) grant to Administrative Agent, for the benefit of the DIP Lenders and certain of their affiliates, a lien upon all or any portion of the real and personal assets held, owned or controlled by the Companies as security for any indebtedness at any time owing to the DIP Lenders, (iii) waive its right to trial by jury and other rights it may have as deemed appropriate by any of said officers, and (iv) execute in favor of Administrative Agent, for the benefit of the DIP Lenders and certain of their affiliates, guaranties or other undertakings on behalf of one or more Companies;

RESOLVED FURTHER, that any Authorized Officer of Fred's hereby is duly authorized and empowered to deal in any way whatsoever with Administrative Agent, Co-Collateral Agents and the DIP Lenders pursuant to any agreements or undertakings entered into with Administrative Agent, Co-Collateral Agents and the DIP Lenders, including, without limitation, to pledge, mortgage, grant a security interest in, assign, endorse, negotiate, deliver, or otherwise hypothecate or transfer to Administrative Agent, for the benefit of the DIP Lenders and certain of their affiliates, any and all assets now or hereafter held, owned, or controlled by the Companies, and for that purpose to execute and deliver to Administrative Agent, Co-Collateral Agents and the DIP Lenders any and all Credit Agreements, notes, mortgages, deeds of trust, security deeds, assignments, subordinations, schedules, designations, transfers, endorsements, contracts, instruments of pledge, guaranties, agreements, financial statements, or other instruments or communications whatsoever; to make remittances and payments by checks, drafts or otherwise; to withdraw funds or other property from any account maintained with Administrative Agent, Co-Collateral Agents or any DIP Lender; and to do and perform all other acts and things deemed by such officer or designee to be necessary, convenient or proper to carry out any such agreements or undertakings;

RESOLVED FURTHER, that any Authorized Officer of Fred's hereby is duly authorized and empowered to deal in any way whatsoever with Administrative Agent, Co-Collateral Agents or any DIP Lender and to enter into interest rate protection agreements, foreign exchange agreements, commodity price protection agreements, or other interest or currency exchange rate or commodity price hedging arrangements, as such officer or designee may deem necessary or advisable;

RESOLVED FURTHER, that any Authorized Officer of Fred's is hereby authorized and empowered to endorse the name of Fred's to any and all checks, drafts, and other instruments or orders for the payment of money, payable to Fred's or its order for the purpose of depositing same in any account or accounts of Administrative Agent, for the benefit of the DIP Lenders, with any bank, banker, or trust company or any of the branches of any said bank, and to deal with any and all such checks, drafts, and other instruments or orders for the payment of money and the proceeds thereof as the property of the DIP Lenders;

RESOLVED FURTHER, that any bank, banker or trust company be, and it hereby is, authorized and requested to receive for deposit to the credit of Administrative Agent, for the benefit of the DIP Lenders, without further inquiry, all such checks, drafts and other orders or instruments for the payment of money, payable to Fred's or its order, and that said bank shall be under no liability to Fred's for the disposition which Administrative Agent may or shall make of the said instruments or the proceeds thereof;

RESOLVED FURTHER, that all actions that any such officer or agent has done or may do in pursuance of any of said agreements or to facilitate transactions thereunder is hereby ratified and approved;

RESOLVED FURTHER, that the powers and authorization hereby conferred by this Committee be binding upon Fred's until such time when notice of any changes, modifications, or rescissions thereof have been duly communicated to Administrative Agent and Co-Collateral Agents and accepted by Administrative Agent and Co-Collateral Agents in writing; and

RESOLVED FURTHER, that the Secretary of Fred's be and hereby is duly authorized and empowered to attest any of the foregoing instruments or agreements on behalf of Fred's, to affix thereto the seal of Fred's and to certify to the passage of the foregoing resolutions under the seal of Fred's.

## General

RESOLVED FURTHER, that each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to (i) take or cause to be taken any and all such further actions and to prepare, execute and deliver or cause to be prepared, executed and delivered and, where necessary or appropriate, file or cause to be filed with the appropriate governmental authorities, all such necessary or appropriate instruments and documents, (ii) incur and pay or cause to be paid all fees and expenses associated with or arising out of the actions authorized herein, and (iii) engage such persons as any Authorized Officer shall in their sole discretion deem necessary or desirable to carry out fully the intent and purposes of the foregoing resolutions and each of the transactions contemplated thereby, such determination to be conclusively established by the taking or causing of any such further action;

RESOLVED FURTHER, that all lawful actions of any kind taken prior to the [date hereof] by the Authorized Officers, or any person or persons designated or authorized to act by an Authorized Officer, which acts would have been authorized by the foregoing resolutions,

except that such acts were taken prior to the adoption of such resolutions, are hereby severally ratified, confirmed, approved and adopted as acts of the Company;

RESOLVED FURTHER, that the signature of any Authorized Officer on any document, instrument, certificate, agreement or other writing shall constitute conclusive evidence that such officer deemed such act or thing to be necessary, advisable or appropriate; and

RESOLVED FURTHER, that any Authorized Officer be, and hereby is, authorized and empowered to certify and to furnish such copies of these resolutions as may be necessary and such statements of incumbency of the corporate officers of each Company as may be requested.

### Approval of Certain Actions of Subsidiaries

WHEREAS, Fred's, as the sole stockholder or the indirect parent, as applicable, of each Company listed on Exhibit A hereto, desires to adopt and approve certain resolutions in the form attached hereto as Annex 1 (collectively, the "*Company Resolutions*"); and

WHEREAS, the Committee has reviewed and considered, and deems it advisable and in the best interests of Fred's and its direct and indirect subsidiaries for Fred's to adopt and approve the Company Resolutions.

NOW THEREFORE BE IT:

RESOLVED, that the Company Resolutions are advisable and in the best interests of Fred's and each of its direct and indirect subsidiaries and are authorized, approved an adopted in all respects.

* * * * * * * * *

## Exhibit A

### Companies

| Company | Jurisdiction | Managing Body |
|---|---|---|
| National Equipment Management and Leasing, Inc. | Tennessee | **Board of Directors**: Joseph Anto |
| Fred's Stores of Tennessee, Inc. | Delaware | **Board of Directors**: Joseph Anto |
| National Pharmaceutical Network, Inc. | Florida | **Board of Directors**: Joseph Anto |
| Reeves-Sain Drug Store, Inc. | Tennessee | **Board of Directors**: Joseph Anto |
| Summit Properties-Jacksboro, LLC | Arkansas | **Sole Member**: Fred's Stores of Tennessee, Inc. |
| Summit Properties-Bridgeport, LLC | Arkansas | **Sole Member**: Fred's Stores of Tennessee, Inc. |
| 505 N. Main Opp, LLC | Delaware | **Sole Member**: Fred's Stores of Tennessee, Inc. |

## **Annex 1**

**Company Resolutions**

(Attached)

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-----------------------------------------------------------------x

**In re**

**Fred's Inc.**                                                    **Case No. 19-_____  (____)**

                                                                   **Chapter 11**

                              **Debtor.[1]**

-----------------------------------------------------------------x

### Attachment to Voluntary Petition for Non-Individuals Filing for
### Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-14565.

2. The following financial data is the latest available information and refers to the debtor's condition on May 4, 2019.

a.   Total assets                                      $474,774,000

b.   Total debts (including debts listed in 2.c., below)      $380,167,000

c.   Debt securities held by more than 500 holders

|        |   |           |   |              |   |    |  | Approximate number of holders: |
|--------|---|-----------|---|--------------|---|----|--|---|
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ | _____ | _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ | _____ | _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ | _____ | _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ | _____ | _____ |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ | _____ | _____ |

d.   Number of shares of preferred stock                           0 outstanding
e.   Number of shares of common stock                     35,460,991 outstanding[2]

Comments, if any:  <u>None of the Debtor's securities are held by more than 500 holders</u>

3. Brief description of debtor's business: Fred's, Inc., together with its subsidiaries, sells general merchandise through its retail discount stores and full service pharmacies. The company, through its stores, offers health, beauty, and personal care products; household cleaning supplies, disposable diapers, pet foods, and paper products; and various general merchandise, and food and beverage products to low, middle, and fixed income families located in small- to medium-sized towns.

---

[1]    The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Fred's Stores of Tennessee, Inc. (9888); Fred's Inc. (4010); National Equipment Management and Leasing, Inc. (4296); National Pharmaceutical Network, Inc. (9687); Reeves-Sain Drug Store, Inc. (4510); Summit Properties-Jacksboro, LLC (9161); Summit Properties-Bridgeport, LLC (2200); and 505 N. Main Opp, LLC (5850). The Debtors' address is 2001 Bryan Street, Suite 1550, Dallas, TX 75201.

[2]    This number includes approximately 3,600,000 of shares owned by Fred's, Inc. that are not publicly traded.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

Alden Global Capital LLC

Heath B. Freeman

**Fill in this information to identify the case:**

Debtor Name:    Fred's, Inc., *et al.*

United States Bankruptcy Court for the:    District of Delaware

Case Number (If known):

☐ Check if this is an
  amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | RICHARD H SAIN 2719 JAMES EDMON CT MURFREESBORO, TN 37129 | PHONE: 615-278-3123 RSAIN@REEVESSAIN.COM | TRADE/VENDOR | | | | $6,575,743.00 |
| 2 | BRADLEY WOOLDRIDGE 3254 BROWN RD SPRING HILL, TN 37174 | PHONE: 855-273-3924 | TRADE/VENDOR | | | | $6,554,925.00 |
| 3 | PPS DATA LLC 5241 S. ST. STREET 2 MURRAY, UT 84107 | CONTACT: JEFF JOHNSON, PRESIDENT PHONE: 855-214-2356 FAX: 855-214-2356 INFO@PROVIDERPAY.COM | TRADE/VENDOR | | | | $1,825,501.26 |
| 4 | DELOITTE CONSULTING LLP 850-2ND STREET SW SUITE 700 CALGARY AB, AB  T2P 1B7 CANADA | CONTACT: SARAH CHAPMAN, DIRECTOR PHONE: 416-601-6150 FAX: 403-264-2871 SACHAPMAN@DELOITTE.CA | TRADE/VENDOR | | | | $1,737,826.56 |
| 5 | UXC ECLIPSE (USA) LLC 1775 TYSONS BLVD. TYSONS, VA  22102 | CONTACT: BRIAN DEMING, PRESIDENT PHONE: 212-965-6400 CWHITEHEAD@UXCECLIPSE.COM | TRADE/VENDOR | | | | $1,207,487.41 |
| 6 | RECKITT BENCKISER 399 INTERPACE PARKWAY PO BOX 225 PARSIPPANY, NJ  70540 | CONTACT: RAKESH KAPOOR, CEO PHONE: 973-404-2600 FAX: 973-404-5700 SUSTAINABILITY@RB.COM | TRADE/VENDOR | | | | $677,243.42 |

Debtor: Fred's, Inc.                                    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7   GRANT THORNTON LLP 100 E. WISCONSIN AVENUE MILWAUKEE, WI 53020 | CONTACT: JEFFREY T. BRADFORD, PARTNER PHONE: 212-370-4520 FAX: 414-289-9910 JEFF.BRADFORD@US.GT.COM | TRADE/VENDOR | | | | $665,373.51 |
| 8   NOVUS MEDIA LLC 2 CARLSON PARKWAY SUITE 400 4TH FLOOR PLYMOUTH, MN 55447 | CONTACT: DAVE MURPHY, CEO PHONE: 888-229-4656 DAVID.MURPHY@NOVUSMEDIAINC.COM | TRADE/VENDOR | | | | $615,210.13 |
| 9   BIO-LAB INC 1735 NORTH BROWN RD PO BOX 300002 LAWRENCEVILLE, GA 30049 | CONTACT: LAWRENCE GUTHRIE; AMANDA CARDANI PHONE: 678-502-4000 FAX: 877-592-1119 LAWRENCE.GUTHRIE@BIOLABINC.COM;ACARDANI@KIKCORP.COM | TRADE/VENDOR | | | | $613,760.53 |
| 10  JDA SOFTWARE INC 14400 N 87TH ST SCOTTSDALE, AZ 85260 | CONTACT: GIRISH RISHI, CEO PHONE: 480-308-3949 | TRADE/VENDOR | | | | $531,332.40 |
| 11  B W I COMPANIES 4924 HICKORY HILL P.O. BOX 990 MPHS, TN 38115 | CONTACT: JIM BUNCH, CEO PHONE: 901-367-2941 FAX: 903-838-5615 | TRADE/VENDOR | | | | $509,187.76 |
| 12  RUBBERMAID INCORPORATED 9999 EAST 121 STREET FISHERS, IN 46037 | CONTACT: JEFFERY P KEOHANE, DIR SALES PHONE: 704-987-4672 FAX: 704-987-4507 EDI.NOTIFY@NEWELLCO.COM | TRADE/VENDOR | | | | $486,751.04 |
| 13  A.T.KEARNEY INC 227 WEST MONROE STREET CHICAGO, IL 60606 | CONTACT: TODD HUSEBY, PARTNER PHONE: 312-648-0111 TODD.HUSEBY@ATKEARNEY.COM | LITIGATION | | | | $469,740.00 |
| 14  UNILEVER HPC - USA 5250 E. RAINES RD. MEMPHIS, TN 38118 | CONTACT: ALAN JOPE, CEO PHONE: 919-782-0919 | TRADE/VENDOR | | | | $462,821.50 |
| 15  BANK OF AMERICA NA 414 UNION ST NASHVILLE, TN 37219 | CONTACT: AMY WATSON PHONE: 615-749-3377 | TRADE/VENDOR | | | | $457,208.53 |
| 16  DURACELL DISTRIBUTING INC 1209 ORANGE STREET WILMINGTON, DE 19801 | CONTACT: THOM LACHMAN, CEO PHONE: 800-551-2355 FAX: 203-791-3039 DAVIS.NC@DURACELL.COM | TRADE/VENDOR | | | | $414,269.54 |
| 17  RB HEALTH (US) LLC 399 INTERPACE PARKWAY P.O. BOX 225 PARSIPPANY, NJ 70540 | CONTACT: RAKESH KAPOOR, CEO PHONE: 973-404-2600 FAX: 973-404-5700 SUSTAINABILITY@RB.COM | TRADE/VENDOR | | | | $397,950.98 |

Debtor: Fred's, Inc.                                Case Number (if known):

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | REYNOLDS CONSUMER 1900 W FIELD COURT LAKE FOREST, IL 60045 | CONTACT: LANCE MITCHELL, CEO PHONE: 312-648-0111 KATHY.GILLILAND@REYNOLDSBRANDS.COM | TRADE/VENDOR | | | | $384,051.94 |
| 19 | BAYER HEALTHCARE LLC 100 BAYER ROAD PITTSBURGH, PA 15205 | CONTACT: WERNER BAUMANN, CEO PHONE: 574-252-3317 CHRIS.CRAMER@BAYER.COM ; SHIRLEY.BEACH@BAYER.COM | TRADE/VENDOR | | | | $383,081.44 |
| 20 | RETAIL TECH 1501 PARK ROAD CHANHASSEN, MN 55317 | CONTACT: ROBERT SPINNER, CEO PHONE: 877-580-9687 FAX: 952-830-0493 POS@RETAILTECINC.COM | TRADE/VENDOR | | | | $382,635.32 |
| 21 | AON RISK INSURANCE 1900 16TH ST. STE 1000 DENVER, CO 80202 | CONTACT: GREG CASE, CEO PHONE: 303-758-7688 | TRADE/VENDOR | | | | $370,132.00 |
| 22 | EMSON 225 5TH AVE.SUITE 800 NEW YORK, NY 10001 | CONTACT: EDDIE MISHAN, CEO PHONE: 212-795-6851 FAX: 212-213-1518 | TRADE/VENDOR | | | | $359,436.00 |
| 23 | MAYBELLINE GARNIER P.O. BOX 8805 LITTLE ROCK, AR 72231 | CONTACT: FREDERIC ROZE, CEO PHONE: 901-758-8449 FAX: 501-955-8671 | TRADE/VENDOR | | | | $353,107.62 |
| 24 | JOHNSON & JOHNSON 199 GRANDVIEW RD SKILLMAN 85580 | CONTACT: ALEX GORSKY, CEO PHONE: 732-524-0400 EDIREQUESTS@CONBR.JNJ.COM | TRADE/VENDOR | | | | $336,813.45 |
| 25 | PFIZER INC 9289 OAKENGATE COVE CORDOVA, TN 38016 | CONTACT: JOHN P SIMLETON, SR CREDIT RISK ANALYST PHONE: 901-367-2941 FAX: 901-751-4419 JOHN.SIMELTON@PFIZER.COM | TRADE/VENDOR | | | | $333,219.60 |
| 26 | JAKKS PACIFIC INC. KEVIN KILLIAN KOWLOON/ HONG KONG CHINA | CONTACT: STEPHEN G. BERMAN, CEO PHONE: 212-929-9278 CONSUMERS@JAKKS.COM | TRADE/VENDOR | | | | $301,146.53 |
| 27 | HALLMARK MARKETING P.O. BOX 73642 CHICAGO, IL | CONTACT: CRAIG LORENZEN, SR CREDIT SUPERVISOR PHONE: 816-274-4498 FAX: 816-274-7171 CRAIG.LORENZEN@HALLMARK.COM | TRADE/VENDOR | | | | $282,344.22 |
| 28 | CONAIR CORPORATION 1 CUMMINGS POINT ROAD STANFORD, CT 69040 | CONTACT: RONALD T DIAMOND, CEO PHONE: 901-365-0768 PETETASHIE AOL.COM | TRADE/VENDOR | | | | $281,972.15 |

Debtor:  Fred's, Inc.                                                    Case Number  (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29   WORLD AND MAIN (CRANBURY) 324A HALF ACRE ROAD CRANBURY, NJ 85120 | CONTACT: BRYAN YEAZEL, CEO PHONE: 973-404-2600 ANTHONYDEROSA@WORLD ANDMAIN.COM | TRADE/VENDOR | | | | $281,479.67 |
| 30   P & L DEVELOPMENTS LLC 609-2 CANTIAGUE ROCK RD WESTBURY, NY 11590 | CONTACT: JOHN J FRANCIS, CCO PHONE: 516-795-6851 FAX: 516-986-1769 HDINSMORE@PLDEVELOPM ENT.COM | TRADE/VENDOR | | | | $280,702.26 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRED'S, INC., *et al.,*[1] | ) | Case No. 19-_____ ( ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

### CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, attached hereto as Exhibit A is an organizational chart reflecting all of the ownership interests in Fred's, Inc. ("Fred's") and certain of its debtor subsidiaries and affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"). Fred's, on behalf of the Debtors, respectfully represents the following:

1.     Each Debtor listed in Exhibit A is 100% owned by its direct parent.

2.     Fred's is a publically traded corporation.  Alden Global Capital LLC and Heath B. Freedman each directly or indirectly owns, control, or holds, with power to vote, 5% or more of the voting securities of Fred's.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Fred's Stores of Tennessee, Inc. (9888); Fred's, Inc. (4010); National Equipment Management and Leasing, Inc. (4296); National Pharmaceutical Network, Inc. (9687); Reeves-Sain Drug Store, Inc. (4510); Summit Properties-Jacksboro, LLC (9161); Summit Properties-Bridgeport, LLC (2200); and 505 N. Main Opp, LLC (5850). The Debtors' address is 2001 Bryan Street, Suite 1550, Dallas, TX 75201.

## **EXHIBIT A**

Organizational Chart

FRED'S CORPORATE STRUCTURE



**Fill in this information to identify the case and this filing:**

Debtor Name ___Fred's Inc._____

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

 **Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑ *Schedule H: Codebtors* (Official Form 206H)

❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑ Amended *Schedule* ____

❑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration __Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not__ __Insiders; Consolidated Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __09/09/2019__         ✗    */s/ Joseph M. Anto*_____
MM / DD / YYYY                        Signature of individual signing on behalf of debtor

                                     __Joseph M. Anto_____
                                     Printed name

                                     __Chief Executive Officer_____
                                     Position or relationship to debtor