**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRED'S, INC., *et al,.*[1] | ) | Case No. 19-11984 (CSS) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING CERTAIN
PROCEDURES TO MAINTAIN THE CONFIDENTIALITY OF PHARMACY
CUSTOMERS' INFORMATION AS REQUIRED BY APPLICABLE PRIVACY RULES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") in these Chapter 11 cases (the "Chapter 11 Cases") respectfully state as follows in support of this motion (the "Motion"):

**RELIEF REQUESTED**

1.     The Debtors submit this Motion pursuant to sections 105(a), 107, and 521(a)(1) of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), rules 1007, 9018, and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1007-1 and 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") requesting entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, authorizing certain procedures to maintain the confidentiality of pharmacy

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Fred's, Inc. (4010); Fred's Stores of Tennessee, Inc. (9888); National Equipment Management and Leasing, Inc. (4296); National Pharmaceutical Network, Inc. (9687); Reeves-Sain Drug Store, Inc. (4510); Summit Properties-Jacksboro, LLC (9161); Summit Properties-Bridgeport, LLC (2200); and 505 N. Main Opp, LLC (5850). The Debtors' address is 2001 Bryan Street, Suite 1550, Dallas, TX 75201.

customers' information, (the "Pharmacy Customers") as required by the Health Insurance

Portability and Accountability Act of 1996[2] and corresponding privacy rules ("HIPAA").[3]

2.      The Debtors request that the Court establish the following procedures (the

"Privacy Procedures") to balance the need to protect Pharmacy Customers' health information

pursuant to HIPAA with the need to disclose information regarding these Chapter 11 Cases to

the public:

i.    the Debtors shall omit any reference to current or former Pharmacy Customers from the matrix of creditors and any certificate of service;

ii.   the Debtors shall identify current or former Pharmacy Customers in the Schedules of Assets and Liabilities (the "Schedules") and the Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") solely by a code number, such as "Pharmacy Customer 1," "Pharmacy Customer 2," and so forth, and shall make an unredacted copy of the Schedules and Statements available upon request to (i) the Court and to the Office of the United States Trustee for the District of Delaware, (ii) counsel to the DIP Agent and any statutory committee appointed in these cases, only after entry into a mutually acceptable non-disclosure agreement that complies with HIPAA's protected health information requirements, and (iii) any other party in interest only after the Court has entered an order, after notice and a hearing, authorizing and directing the Debtors to do so;[4]

iii.  the Debtors or their claims and noticing agent shall maintain a list of all current or former Pharmacy Customers (the "Pharmacy Customers' List") that appear on the matrix of creditors or are otherwise served with pleadings, and shall make the Pharmacy Customers' List, or any portion thereof, available to (i) the Court and to the Office of the United States Trustee for the District of Delaware, (ii) counsel to the DIP Agent and any statutory committee appointed in these cases, only after entry into a mutually acceptable non-disclosure agreement that complies with HIPAA's protected health information requirements, and (iii) any other party in interest only

---

[2] 42 Pub. L. No. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of Title 42 of the United States Code).

[3] For the avoidance of doubt, the Debtors will continue to manage, protect, and utilize Pharmacy Customers' information in the ordinary course of their business in accordance with HIPAA. The procedures set forth herein only apply to the protection of Pharmacy Customers' information in these Chapter 11 Cases.

[4] See 45 C.F.R. 164.512(e)(1)(i) (permitting the disclosure of certain information protected by HIPAA pursuant to a Court order, provided that the covered entity discloses only information expressly authorized by such order).

> after the Court has entered an order, after notice and a hearing, authorizing
> and directing the Debtors to do so; and

when the Debtors serve any paper upon any person listed on the Pharmacy Customers' List, the Debtors shall note in the respective certificate of service that the parties served include persons listed on the Pharmacy Customers' List.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C § 157(b)(2).  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory and other legal predicates for relief requested herein are Bankruptcy Code sections 105(a), 107, and 521(a)(1), Bankruptcy Rules 1007, 9018, and 9037, and Local Rules 1007-1 and 1007-2.

## BACKGROUND

### A.      General Background.

6.      On the date hereof (the "Petition Date") each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.  No committees have been appointed or designated.

7.      A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' bankruptcy petitions are set forth in greater detail in the *Declaration of Mark A. Renzi, Chief Restructuring Officer of Fred's, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed contemporaneously herewith.  This Motion incorporates by reference the facts set forth in the First Day Declaration as if fully set forth herein.  Additional facts specific to this Motion are set forth below.

**B.      <u>Specific Background</u>.**

8.      The Debtors operate discount merchandise stores in 11 states across the southeastern United States.  As described more fully in the First Day Declaration, the Debtors generally serve low-, middle-, and fixed-income families in small- to medium-sized towns. These customers often live in rural areas without access to large discount retailers.

9.      The Debtors' stores stock over 14,000 items that address the everyday needs of their customers, including nationally recognized brand name products, proprietary "Fred's" label products, and lower priced off-brand products.  Many of the Debtors' stores also include full-service pharmacies, which serve the Pharmacy Customers.  In the ordinary course of business, the Debtors have access to and receive "protected health information" that the Debtors are required to maintain confidentially pursuant to HIPAA.[5]

**<u>BASIS FOR RELIEF REQUESTED</u>**

10.     It is of paramount importance to the Debtors that protected health information ("<u>PHI</u>")[6] be maintained in accordance with Pharmacy Customers' expectations and HIPAA.

---

[5] 45 C.F.R. pts. 160, 164.

[6] Individually identifiable health information held by a covered entity is referred to as protected health information or "PHI" under HIPAA.

HIPAA imposes stringent standards on health care providers regarding the use and disclosure of medical health information and establish significant penalties for unauthorized use or disclosure of such information. Because the Debtors' pharmacies transmit health information electronically, they are "covered entities" subject to HIPAA. *See* 42 U.S.C. § 1320d-1(a)(3); 45 C.F.R. §§ 160.103, 164.104(3).

11. Under HIPAA, the Debtors may not disclose, except in limited circumstances, "individually identifiable health information." *See* 45 C.F.R. § 164.502. HIPAA defines "individually identifiable health information" as:

> any information, including demographic information collected from an individual, that –
>
> > (A) is created or received by a health care provider, health plan, employer, or health care clearinghouse; and
> >
> > (B) relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual, and –
> >
> > > (i) identifies the individual; or
> > >
> > > (ii) with respect to which there is a reasonable basis to believe that the information can be used to identify the individual.

42 U.S.C. § 1320d(6); *see* 45 C.F.R. § 160.103 (utilizing same definition).

12. Unauthorized disclosure of PHI could subject the Debtors to significant penalties. *See* 42 U.S.C. §§ 1320d-5 (establishing civil penalties for HIPAA violations), 1320d-6 (establishing criminal penalties for HIPAA violations); 45 C.F.R. § 160.404 (setting forth the amount of amount of civil penalties for HIPAA violations). Certain penalties can be imposed even if a person "did not know and, by exercising reasonable diligence, would not have known" that a violation occurred. *See* 45 C.F.R. § 160.404(b)(2)(i).

13.     The Debtors believe that the requirements to maintain the Pharmacy Customers' confidentiality under HIPAA conflict with the requirements to disclose certain information under the Bankruptcy Code.  Specifically with regard to the duty to file a list of all creditors under Bankruptcy Code section 521(a)(1)(A), the duty to file Schedules and Statements under Bankruptcy Code section 521(a)(1)(B), and the requirement to file certificates of service. Therefore, the Debtors respectfully request that PHI be protected through the proposed Privacy Procedures pursuant to Bankruptcy Code section 107(c), which allows the Court, for cause, to protect an individual if disclosure would create an undue risk of unlawful injury.  *See* 11 U.S.C. § 107(c); *see also* Bankruptcy Rule 9018 (allowing a bankruptcy court to protect governmental matters that are made confidential by statute or regulation).

14.     The Court may also approve the proposed Privacy Procedures pursuant to Bankruptcy Code section 105(a), which authorizes courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

15.     The Debtors believe that the relief requested herein appropriately balances the need to maintain confidential information under HIPAA with the need for adequate disclosure under the Bankruptcy Code.  Given the nature of any information that may reveal even the identity of Pharmacy Customers, confidentiality in this context is of paramount importance.

16.     Relief similar to that requested in this Motion has been granted in other Chapter

11 cases in this district.  *See, e.g.*, *In re Promise Healthcare Grp., LLC,* Case No. 18-12491

(CSS) (Bankr. D. Del. Nov. 6, 2018) (D.I. 47) (authorizing the implementation of similar

procedures to protect confidential information of current and former patients in compliance with

HIPAA); *In re EBH TOPCO, LLC,* Case No. 18-11212 (BLS) (Bankr. D. Del. May 24, 2018)

(D.I. 40) (same); *In re Hospital Acquisition LLC*, Case No. 19-10998 (BLS) (Bankr. D. Del. May

8, 2019) (D.I. 38) (same).

## **NOTICE**

17.     Notice of this Motion shall be given to:  (a) the Office of the United States

Trustee for the District of Delaware; (b) the Debtors' thirty largest unsecured creditors on a

consolidated basis; (c) counsel to the DIP Agent; (d) the United States Attorney's Office for the

District of Delaware; (e) the Internal Revenue Service; (f) the Securities and Exchange

Commission; (g) any party required to be provided notice under Local Rule 9013-1(m); and (h)

any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service.

Due to the nature of the relief requested herein, the Debtors submit that no other or further notice

need be provided.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the

Court (a) enter the Proposed Order substantially in the form annexed as **Exhibit A** hereto

granting the relief requested in this Motion and (b) grant such other and further relief as may be

just and proper.

*[Remainder of page intentionally left blank.]*

Dated: September 9, 2019
       Wilmington, Delaware

                                             */s/ Derek C. Abbott*

Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Matthew B. Harvey (No. 5186)
Joseph C. Barsalona II (No. 6102)
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: dabbott@mnat.com
      aremming@mnat.com
      mharvey@mnat.com
      jbarsalona@mnat.com

- and -

Adam L. Shiff (*pro hac vice* motion pending)
Robert M. Novick (*pro hac vice* motion pending)
Matthew B. Stein (*pro hac vice* motion pending)
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
Email: AShiff@kasowitz.com
      RNovick@kasowitz.com
      MStein@kasowitz.com

**PROPOSED COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

## Exhibit A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FRED'S, INC., *et al,*.[1] | ) | Case No. 19-_____ (   ) |
|  | ) |  |
| Debtors. | ) | Joint Administration Requested |
|  | ) |  |

## ORDER AUTHORIZING CERTAIN PROCEDURES
## TO MAINTAIN THE CONFIDENTIALITY OF PHARMACY
## <u>CUSTOMERS' INFORMATION AS REQUIRED BY APPLICABLE PRIVACY RULES</u>

Upon the Motion[2] of the above-captioned debtors and debtors in possession (collectively,

the "<u>Debtors</u>"), for entry of this Order pursuant to Bankruptcy Code sections 105(a), 107, and

521(a)(1), Bankruptcy Rules 1007, 9018, and 9037, and Local Rules 1007-1 and 1007-2

authorizing certain procedures to maintain the confidentiality of Pharmacy Customers'

information as required by HIPAA, all as further described in the Motion; and this Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated as of February 29, 2012; and consideration of the

Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C.

§ 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Motion being adequate and appropriate under the particular

circumstances; and upon the record of any hearing being held to consider the relief requested in

the Motion; and upon the First Day Declaration and all proceedings had before this Court; and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Fred's, Inc. (4010); Fred's Stores of Tennessee, Inc. (9888); National Equipment Management and Leasing, Inc. (4296); National Pharmaceutical Network, Inc. (9687); Reeves-Sain Drug Store, Inc. (4510); Summit Properties-Jacksboro, LLC (9161); Summit Properties-Bridgeport, LLC (2200); and 505 N. Main Opp, LLC (5850). The Debtors' address is 2001 Bryan Street, Suite 1550, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED**:

1.     The Motion is granted to the extent provided herein.

2.     The Privacy Procedures set forth below shall apply in these Chapter 11 Cases:

   i.     the Debtors shall omit any reference to current or former Pharmacy Customers from the matrix of creditors and any certificate of service;

   ii.     the Debtors shall identify current or former Pharmacy Customers in the Schedules of Assets and Liabilities (the "Schedules") and the Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") solely by a code number, such as "Pharmacy Customer 1," "Pharmacy Customer 2," and so forth, and shall make an unredacted copy of the Schedules and Statements available upon request to (a) the Court and to the Office of the United States Trustee for the District of Delaware, (b) counsel to the DIP Agent and any statutory committee appointed in these cases, only after entry into a mutually acceptable non-disclosure agreement that complies with HIPAA's protected health information requirements, and (c) any other party in interest only after the Court has entered an order, after notice and a hearing, authorizing and directing the Debtors to do so;

   iii.     the Debtors or their claims and noticing agent shall maintain a list of all current or former Pharmacy Customers (the "Pharmacy Customers' List") that appear on the matrix of creditors or are otherwise served with pleadings, and shall make the Pharmacy Customers' List, or any portion thereof, available to (a) the Court and to the Office of the United States Trustee for the District of Delaware, (b) counsel to the DIP Agent and any statutory committee appointed in these cases, only after entry into a mutually acceptable non-disclosure agreement that complies with HIPAA's protected health information requirements, and (c) any other party in interest only after the Court has entered an order, after notice and a hearing, authorizing and directing the Debtors to do so; and

   iv.     when the Debtors serve any paper upon any person listed on the Pharmacy Customers' List, the Debtors shall note in the respective certificate of service

2

that the parties served include persons listed on the Pharmacy Customers'
List.

3.       The Debtors' compliance with the foregoing Privacy Procedures shall constitute

compliance with Bankruptcy Code section 521, Bankruptcy Rule 1007(a), and Local Rules 1007-

1 and 1007-2.

4.       The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion.

5.       Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062,

9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

6.       To the extent that the Motion is inconsistent with this Order, the terms of this

Order shall govern.

7.       This Court retains jurisdiction with respect to all matters arising from or related to

the interpretation or implementation of this Order.


Dated:       _____, 2019       _____
             Wilmington, Delaware            United States Bankruptcy Judge

3