IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRED'S, INC[1] *et al.*,<br><br>        Debtors. | Chapter 7<br><br>Case No. 19-11984 (CSS)<br><br>Jointly Administered<br><br>Hearing Date: October 16, 2019 @ 3:00 p.m.<br>Objection Deadline: October 9, 2019 |

**ELVIN GARNER ON BEHALF OF ALVIN GARNER'S MOTION FOR RELIEF
FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362**

Elvin Garner on behalf of Alvin Garner ("Garner"), moves for an Order Granting Relief from Automatic Stay to proceed with litigation against debtor Fred's Dollar Store (the "Motion") and, in support thereof, respectfully shows as follows:

**BACKGROUND**

1.    On April 18, 2016, Alvin Garner suffered injuries when he was shot by a security guard stationed at Fred's Dollar Store located at 229 North Union, Canton, Mississippi 39046.

2.    Garner filed a complaint against Fred's Dollar Store ("Fred's") and CCSI, Inc. (the security guard's employer) on October 24, 2016 and a First Amended Complaint on April 5, 2019 (attached as Ex. 1) in the Circuit Court Hinds County, Mississippi, First Judicial District, C.A. 25CI1:16-cv-00624-JAW captioned, *Elvin Garner, on behalf of ward Alvin Garner v. Fred's Dollar Store and CCSI, Inc.* (the "Action").

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Fred's, Inc. (4010); Fred's Stores of Tennessee, Inc. (9888); National Equipment Management and Leasing, Inc. (4296); National Pharmaceutical Network, Inc. (9687); Reeves-Sain Drug Store, Inc. (4510); Summit Properties-Jacksboro, LLC (9161); Summit Properties-Bridgeport, LLC (2200); and 505 N. Main Opp, LLC (5850). The Debtors' address is 2001 Bryan Street, Suite 1550, Dallas, Texas 75201.

3. As more fully set forth in the First Amended Complaint, on April 18, 2016, a Fred's employee told the security guard that she believed Alvin Garner had shoplifted candy. The security guard pull his gun and shoved it in the chest of Alvin Garner. Alvin Garner fled the store, but the security guard chased him and ultimately fired multiple shots, with one or more shots hitting Alvin Garner as he fled. As a result of the gunshot wounds, Alvin Garner suffered serious injuries which resulted in an anoxic brain injury, permanent damage to his leg, brain, and mental state. The First Amended Complaint asserts a claim for Negligent, Gross Negligent and Wanton Oversight, Training and Supervision against Fred's (Count III).

4. Under the case scheduling order in the Action, a jury trial is set for February 10, 2020, with a discovery cutoff of November 15, 2019.

5. On September 9, 2019, each of the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Court.

6. On September 16, 2019, Fred's filed a Notice of Bankruptcy in the Action.

7. By this Motion, Garner seeks to lift the automatic stay to allow the Action to proceed to settlement or judgment and seek recovery from applicable insurance proceeds.

## JURISDICTION

8. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. §§ 362, and 105.

## ARGUMENT

I. **The Bankruptcy Court Lacks Core Jurisdiction to Hear and Liquidate Garner's Negligence Claim and, Absent the Parties' Consent, the Bankruptcy Court May Not Enter Final Findings and Conclusions Related to the Action**

9. The Bankruptcy Court lacks the ability to liquidate personal injury and wrongful death claims "for distribution purposes." 28 U.S.C. § 157. In fact, the Bankruptcy Code provides personal injury tort and wrongful death claims *shall* be tried in the District Court in which the bankruptcy case is pending, or in the District Court in the district in which the claim arose, as determined by the District Court in which the bankruptcy case is pending. *See* 28 U.S.C. § 157(b)(5). Thus, while the Bankruptcy Court has "core" jurisdiction over the determination of claims made against the bankruptcy estate, the Bankruptcy Court may not liquidate personal injury and wrongful death claims for distribution purposes. *Id*. Further, the right to a jury trial is expressly reserved in the Bankruptcy Code, and therefore cannot be involuntarily waived due to the mere filing of a bankruptcy petition. *See* 28 U.S.C. §1411(a) ("… this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable non-bankruptcy law with regard to a personal injury or wrongful death claim.").

10. In these "related to," or "non-core," matters, the Bankruptcy Court can enter findings and conclusions subject to a clearly erroneous review by the District Court only if the parties consent. Absent the parties' consent, the District Court will review the Bankruptcy Court's findings and conclusions *de novo*. 28 U.S.C. § 157(c)(1). Thus, where the parties do not consent, there is the possibility of two trials of the same matter which would be both inefficient and unnecessary. *See In re Clay*, 35 F.3d 190, 195 (5th Cir. 1994) ("If anything, jury trials in bankruptcy courts would impede efficiency. These speedy courts were not designed to conduct long jury trials, and most bankruptcy judges and lawyers are unused to jury procedures.").

11. Therefore, in the absence of jurisdiction to liquidate Garner's claim and because any adjudication of the claim by the Bankruptcy Court will be reviewed *de novo* by the District Court, there exist grounds for granting this Motion.

## II. Cause Exists to Lift the Automatic Stay

12. Section 362(d)(1) of the Bankruptcy Code states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay. . . for cause.

This provision clearly specifies that where "cause" exists, the bankruptcy court "**shall** grant relief" from the automatic stay, if requested to do so by a party in interest. 11 U.S.C. §362(d)(1) (*emphasis added*).

13. "Cause" is not defined in the Code—whether "cause" exists to annul or modify the stay is determined on a case-by-case basis. *See e.g., In re Rexene Products Co.*, 141 BR 574, 576 (Bankr. D. Del. 1992). *In Re Rexene* provides a balancing test of three factors to determine whether cause exists:

   (a) whether any great prejudice to either the bankrupt estate or debtor will result from allowing the civil suit;

   (b) whether the hardship to the non-bankrupt party by the maintenance of the stay considerably outweighs the hardship to the debtor; and

   (c) whether the creditor has a probability of prevailing on the merits.

14. *In Re Rexene*, 141 B.R. at 576. These factors are not determinative: Courts have wide latitude in crafting relief from the automatic stay. *See Bladino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997); *Siciliano*, 13 F.3d 748, 751 (3d Cir.1994). According to the court in *In Re Rexene*, the legislative history to section 362 provides that "cause" may be established by a single factor such as "lack of any connection with or interference with the

4

pending bankruptcy case". *In Re Rexene*, 141 B.R. at 576 (citing H.R. rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977).

15. While a party requesting relief from the stay bears the initial burden to show that "cause" exists, once a prima facie case of "cause" is shown, the party opposing relief has the ultimate burden of disproving the existence of "cause". *Id*. at 577; 11 U.S.C. §362(g). As explained below, the facts and circumstances here weigh heavily in favor of granting Garner relief from the stay.

### A. No Prejudice Will Occur

16. Garner understands that there is insurance coverage for the claims asserted in the Action, although a copy of the policy has not been provided to Garner. There is no prejudice to the Debtors or the Debtors' estates because Garner will liquidate the claim and recover from the proceeds of available insurance coverage.[2] *In re 15375 Memorial Corp*., 382 B.R. 652, 687-90, (Bankr. D. Del. 2008), rev'd on other grounds, 400 B.R. 420 (D. Del. 2009). The Debtors have no protectable interest in the insurance policy's *proceeds*, because the proceeds will be available only to creditors with the type of claims covered by such policy. *Id*. In such cases, "there can be no legitimate complaint that the estates will be dissipated by allowing the litigation to go forward." *Id.* at 689 (Bankr. D. Del. 2008). Neither the bankrupt estates nor the Debtors themselves will suffer prejudice—much less "great" prejudice—if the stay is annulled and lifted. *Id*. To the extent that the claim is not covered by insurance, it will be liquidated and administered through the claims process. Thus, there will be no prejudice to the Debtors.

---

[2] Fred's counsel has been advised that the policy has a self-insured retention. Without a copy of the policy, Garner has not been able to confirm the SIR or the amount still left on the retention, if any.

### B. The Hardship to Garner by Maintenance of the Stay Considerably Outweighs any Hardship to Debtors if the Stay is Lifted

17. If the automatic stay is not lifted, Garner will be barred from prosecuting the claim. Because Garner seeks to recover from insurance proceeds, there will be no hardship to the Debtors by lifting the stay. Indeed, "the only party that stands to benefit financially if the stay is not lifted is [the Debtors' insurance company]." *In re Robertson*, 244 B.R. at 883. "[I]t would be grossly unfair for [the insurance company] to benefit at Movant's expense." *Id*; *see also Awashi v. Jet Florida System, Inc.*, 883 F.2d 970 (11th Cir. 1989) ("The 'fresh start' policy is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured."). Any portion of the claim not covered by insurance will have been liquidated and can be administered through the claim process in the Bankruptcy Court.

### C. Garner Can Demonstrate Probability of Success On the Merits

18. The required showing on the third factor, probability of success on the merits, "is very slight." *In Re Rexene,* 141 B.R. at 578 (citation omitted). The third prong simply requires Garner to make a more than vague initial showing that they can establish a prima facie case. *Id.* (*citing Peterson v. Cundy (In re Peterson)*, 116 B.R. 247, 250 (D. Colo. 1990) (foregoing merits analysis entirely in a relief from stay motion merely to liquidate claim)). Courts have also found that "[o]nly strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay." *Id.* at 578 (*quoting Fonseca v. Philadelphia Housing Authority (In re Fonseca)*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990)).

19. On this point, Garner's First Amended Complaint reflects that Alvin Garner was injured on April 18, 2016, by a security guard who worked in a store controlled by Fred's. Fred's had a duty to ensure that the guards working in its store was adequately apprised

of Fred's protocols, which provide that a suspected shoplifter should not be touched or pursued by the staff or by the security guard at Fred's. Instead, Fred's policies provide that information should be collected on a suspected shoplifter and that information should be turned over to local police. Evidence developed in the state-court action reveals that the security guard who shot the plaintiff, in the three-week span he had worked at the Fred's store, had a prior physical altercation with another suspected shoplifter, yet no measures were taken by Fred's to ensure that such an incident did not occur again. Accordingly, Garner has met the low threshold of proving the likelihood of success on the merits.

WHEREFORE, Garner respectfully requests that this Court enter an Order, in the form attached hereto, (i) granting the Motion (ii) modifying the automatic stay to allow Garner to liquidate the claim in the Action and to proceed against insurance proceeds and (iii) granting such other and further relief as this Court may deem is just and proper.

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Kathleen M. Miller*
Kathleen M. Miller (DE ID 2898)
The Brandywine Building
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, Delaware 19899
(302) 652-8400 (phone)
kmiller@skjlaw.com

September 23, 2019         *Attorneys for movant*