IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRED'S, INC[1] *et al.*,<br><br>       Debtors. | Chapter 7<br><br>Case No. 19-11984 (CSS)<br><br>Jointly Administered<br><br>**Hearing Date: October 16, 2019 @ 3:00 p.m.**<br>**Objection Deadline: October 9, 2019** |

**ORDER GRANTING ELVIN GARNER ON BEHALF OF ALVIN GARNER'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362**

Upon consideration of Elvin Garner's motion for an Order Granting Relief from Automatic Stay on behalf of Alvin Garner Under 11 U.S.C. § 362 (the "Motion") and any objection thereto and after due deliberation and sufficient cause appearing therefore:

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. The automatic stay of 11 U.S.C. § 362 is hereby annulled for the sole purpose of: (i) permitting Gerner to prosecute that action *Elvin Garner, on behalf of ward Alvin Garner v. Fred's Dollar Store and CCSI, Inc.,* in the Circuit Court Hinds County, Mississippi, First Judicial District, C.A. 25CI1:16-cv-00624-JAW (the "Action") against the Debtor with respect to the claims against it, to final judgment or resolution (including any appeals taken by any of the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Fred's, Inc. (4010); Fred's Stores of Tennessee, Inc. (9888); National Equipment Management and Leasing, Inc. (4296); National Pharmaceutical Network, Inc. (9687); Reeves-Sain Drug Store, Inc. (4510); Summit Properties-Jacksboro, LLC (9161); Summit Properties-Bridgeport, LLC (2200); and 505 N. Main Opp, LLC (5850). The Debtors' address is 2001 Bryan Street, Suite 1550, Dallas, Texas 75201.

parties thereto), (ii) permitting the Garner to recover and collect any such settlement or judgment solely from the proceeds of Debtors' insurance coverage.

3. Except for the limited purpose set forth above, the automatic stay shall remain in effect.

4. Nothing in this Order shall be deemed or construed to impact, impair, affect, determine, release, waive, modify, limit, or expand: (i) the availability of insurance coverage with respect to the Action; (ii) the terms and conditions of any applicable insurance policies; (iii) alter any insurance carrier's existing indemnity payment obligations; or (iv) any rights of Garner with respect to any such insurance policies or carriers or to recover from any third party or other available insurance policies.  Furthermore, nothing in this Order shall affect the existing obligations of any insurance carrier to pay defense fees or expenses or the existing arrangements for the payment thereof.

5. The Court has and will retain jurisdiction to enforce this Order.

Dated: _____ \_\_\_, 2019

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY COURT JUDGE