# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FRED'S, INC, *et al*.,[1] | ) Case No. 19-11984 (CSS) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Re: Docket Nos. 177 and 213** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF RICHARD AND LAURA C. SMITH REGARDING DEBTORS' MOTION PURSUANT TO SECTIONS 105(A), 363 AND 365 OF THE BANKRUPTCY CODE FOR ENTRY OF ORDER AUTHORIZING THE (I) SALE OF CERTAIN PHARMACY ASSETS TO EXPRESSRX FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (II) ASSUMPTION OF LEASES IN CONNECTION WITH CERTAIN OF THE PHARMACY ASSETS, AND (III) GRANTING RELATED RELIEF**

Richard and Laura C. Smith (collectively, the "Smiths"), by and through their undersigned counsel, hereby object (the "Limited Objection") to the *Debtors' Motion Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code for Entry of Order Authorizing the (I) Sale of Certain Pharmacy Assets To ExpressRx Free and Clear of All Liens, Claims, Interests, and Encumbrances, (II) Assumption of Leases in Connection with Certain of the Pharmacy Assets, and (III) Granting Related Relief* [D.I. 177] (the "Sale Motion") and, in particular, the cure amount set forth on Exhibit A to the Debtors' *Notice of Assumption of Certain Unexpired Leases and Proposed Cure Amounts* [D.I. 213] (the "Cure Notice"). In support of the Limited Objection, the Smiths respectfully state as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Fred's, Inc. (4010); Fred's Stores of Tennessee, Inc. (9888); National Equipment Management and Leasing, Inc. (4296); National Pharmaceutical Network, Inc. (9687); Reeves-Sain Drug Store, Inc. (4510); Summit Properties-Jacksboro, LLC (9161); Summit Properties-Bridgeport, LLC (2200); and 505 N. Main Opp, LLC (5850). The Debtors' address is 2001 Bryan Street, Suite 1550, Dallas, TX 75201.

**BACKGROUND**

1. The Smiths are counterparties to Debtor Fred's Stores of Tennessee, Inc. ("FST") under the Lease Agreement identified as Lease 3920/3921 on Exhibit A to the Cure Notice (as amended the "Lease"). The Cure Notice proposed a cure amount of $3,850 (the "Proposed Cure Amount") in connection with the Lease.

2. While the Smiths do not generally oppose the sale of the Debtors' assets, and do not generally object to the assumption and assignment of the Lease, they file this Limited Objection to ensure that all amounts owed under the Lease are cured prior to assumption and assignment.

**LIMITED OBJECTION**

3. The Smiths object to the Proposed Cure Amount and submit that the correct amount required to cure all defaults under the Lease as of the date of the filing of this Limited Objection is at least $17,277.51 (the "Proper Cure Amount"). The Proper Cure Amount includes all outstanding obligations of the Debtors under the Lease which, as of this date, include (1) outstanding rent obligations for September and October 2019 in the amount of $7,700, (2) estimated property tax obligations for January through October of 2019 in the amount of $5,245.01 and (3) estimated insurance obligations for January through October 2019 in the amount of $4,332.50. Nevertheless, additional cure amounts may continue to accrue under the Lease if such amounts are not paid by the Debtors going forward, and the Smiths reserve the right to assert these additional cure amounts through the date the Lease is ultimately assumed by the Debtors and/or assigned to a potential purchaser of the Debtors' assets.

4. Further, and for the avoidance of doubt, the Smiths submit that in addition to the payment of the Proper Cure Amount, any assumption of the Lease will also include the assumption of all contingent, unmatured and/or unliquidated obligations under the Lease, including,

specifically, and without limitation, any tax, insurance or indemnification obligations. Whether this objection is properly classified as an additional cure obligation or an objection to the adequate assurance of future performance requirement required under section 365(b)(1)(C), this issue must be resolved in connection with any assumption of the Lease. Although the Smiths submit that assumption of the Lease necessarily (and automatically by operation of law) includes the assumption of all these obligations, the Smiths reserve the right to supplement this Limited Objection in the event that an agreement cannot be reached with the Debtors or any potential purchaser regarding the assumption and/or assignment of the Lease.

WHEREFORE, the Smiths request that the Court enter an order (i) conditioning the assumption and/or assignment of the Lease on the payment of the Proper Cure Amount plus any other outstanding obligations incurred by the Debtors through the date of assumption, unless otherwise agreed to by the Smiths; (ii) clarifying that the assumption of the Lease includes the assumption of all contingent, unmatured and/or unliquidated obligations under the Lease; and (iii) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: October 8, 2019<br>Wilmington, Delaware | **POTTER ANDERSON & CORROON LLP**<br><br>*/s/ D. Ryan Slaugh*<br>R. Stephen McNeill (DE Bar No. 5210)<br>D. Ryan Slaugh (DE Bar No. 6325)<br>1313 North Market Street, Sixth Floor<br>P.O. Box 951<br>Wilmington, DE 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br><br>*Counsel to Richard and Laura C. Smith* |