IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRED'S, INC., *et al.*,[1] | ) ) ) | Case No. 19-11984 (CSS) |
| Debtors. | ) ) ) ) ) | Jointly Administered  Re: D.I. 176 |

**ORDER AUTHORIZING THE DEBTORS' TO RETAIN
AND EMPLOY EPIQ CORPORATE RESTRUCTURING, LLC
AS ADMINISTRATIVE ADVISOR EFFECIVE AS OF PETITION DATE**

Upon the application (the "Application")[2] of Fred's, Inc., together with certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 case (the "Debtors"), pursuant to section 327 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), requesting entry of an order appointing Epiq Corporate Restructuring, LLC ("Epiq") as administrative advisor ("Administrative Advisor") in the Debtors' Chapter 11 Cases, effective as of the Petition Date, in accordance with the Engagement Agreement attached to the Application as **Exhibit A** (the "Engagement Agreement"), all as more fully described in the Application; and upon the Hunt Declaration submitted in support of the Application; and this Court being satisfied

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Fred's, Inc. (4010); Fred's Stores of Tennessee, Inc. (9888); National Equipment Management and Leasing, Inc. (4296); National Pharmaceutical Network, Inc. (9687); Reeves-Sain Drug Store, Inc. (4510); Summit Properties-Jacksboro, LLC (9161); Summit Properties-Bridgeport, LLC (2200); and 505 N. Main Opp, LLC (5850). The Debtors' address is 2001 Bryan Street, Suite 1550, Dallas, Texas 75201.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

that Epiq has the capability and experience to provide the services described in the Application and that Epiq does not hold or represent an interest adverse to the Debtors or the estate related to any matter for which Epiq will be employed; and this Court having jurisdiction to consider the Application and the relief requested therein in pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before this Court; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

                  **IT IS HEREBY ORDERED THAT**

1.       The Application is granted to the extent set forth herein.

2.       The Debtors are authorized to retain Epiq as Administrative Advisor under § 327(a) of the Bankruptcy Code effective as of the Petition Date under the terms of the Engagement Agreement as modified herein, and Epiq is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3.       Epiq is authorized to take such other action to comply with all duties set forth in the Application.

4. Epiq shall apply to this Court for allowance of its compensation and reimbursement of expenses incurred after the Petition Date in accordance with §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in the Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

5. The Debtors shall indemnify Epiq and each other Indemnified Person, as that term is defined in the Engagement Agreement (collectively, the "Indemnified Persons"), under the terms of the Engagement Agreement, as modified pursuant to this Order.

6. The Indemnified Persons shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court.

7. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify the Indemnified Persons, or provide contribution or reimbursement to the Indemnified Persons, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from an Indemnified Person's gross negligence, willful misconduct or fraud; (b) for a contractual dispute in which the Debtors allege the breach of an Indemnified Person's contractual obligations if this Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (c) settled before a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which an Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

8. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing the Chapter 11 Cases, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, the Indemnified Person or Epiq must file an application therefor in this Court, and the Debtors may not pay any such amounts to such Indemnified Person before the entry of an order by this Court approving the payment.  This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Persons.  All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution or reimbursement.

9. The limitation of liability provision set forth in paragraph 8 of the Engagement Agreement shall have no force or effect during the course of the bankruptcy case with respect to the services to be provided pursuant to this Order.

10. The Debtors and Epiq are authorized to take all action necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. Notwithstanding any term in the Engagement Agreement to the contrary, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order and the Epiq engagement.

12.   Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

13.   In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

Dated: October 15th, 2019
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE