## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| FRED'S, INC., *et al.*, | : | Case No. 19-11984 (CSS) |
| | : | (Jointly Administered) |
| Debtors.¹ | : | |
| | : | Hearing Date: December 17, 2019 at 2:00 P.M. (ET) |
| | : | Obj. Deadline: November 27, 2019 at 4:00 P.M. (ET) |

### MOTION OF MARY DICKENSON FOR
### RELIEF FROM THE AUTOMATIC STAY

Mary Dickenson ("Dickenson") hereby respectfully moves (the "Motion") for an order granting her relief from the automatic stay pursuant to section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), and in support of this Motion respectfully represents as follows:

### BACKGROUND

1. On or about July 25, 2016, Dickenson initiated a civil action (No. CJ-2016-69) in the District Court for McCurtain County, State of Oklahoma (the "State Court Action") against Fred's Stores of Tennessee, Inc. ("Fred's Tennessee") (together with any defendant(s)-Debtor(s) subsequently substituted/added in the State Court Action, the "Defendant Debtors") and other non-debtor entities seeking redress for personal injuries and other damages arising out of Dickenson's wrongful termination from Defendant Fred's Tennessee's employ during the first calendar quarter of 2016. A copy of the complaint is attached as **Exhibit A**.

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Fred's Stores of Tennessee, Inc. (9888); Fred's Inc. (4010); National Equipment Management and Leasing, Inc. (4296); National Pharmaceutical Network, Inc. (9687); Reeves-Sain Drug Store, Inc. (4510); Summit Properties-Jacksboro, LLC (9161); Summit Properties-Bridgeport, LLC (2200); and 505 N. Main Opp, LLC (5850). The Debtors' address is 43000 New Getwell Road, Memphis, TN 38118.

2. Upon information and belief, and based upon representations made by defense counsel, the Defendant Debtors have available insurance coverage against liability for the claims in the State Court Action. To date, however, Dickenson has not been able to obtain proof of such coverage from Fred's Tennessee.

3. Dickenson believes that relief from the automatic stay is warranted so that she may proceed with the State Court Action, said relief being limited to allowing Dickenson to liquidate and collect on her claims via a negotiated resolution or judgment in an amount not to exceed the Defendant Debtors' applicable insurance coverage.

## Procedural History

4. On September 9, 2019, the above-captioned debtors and debtors in possession (the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. The Debtors are operating their businesses as debtors in possession. On September 18, 2019, the Office of the United States Trustee appointed an official committee of unsecured creditors in the cases.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are section 362(d)(1) of the Bankruptcy Code, Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**REQUEST FOR RELIEF**

7. By this Motion, Dickenson requests relief from the automatic stay of section 362(a) of the Bankruptcy Code to pursue the State Court Action, said relief being limited to allowing Dickenson to liquidate and collect on her claims via a negotiated resolution or judgment in an amount not to exceed the Defendant Debtors' applicable insurance coverage.

**BASIS FOR RELIEF REQUESTED**

*Dickenson Is Entitled to Relief from the Automatic Stay*
*Under Section 362(d)(1) of the Bankruptcy Code*

8. Dickenson is entitled to relief from the automatic stay under section 362(d) of the Bankruptcy Code. Subsection (d)(1) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay . . .
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

9. At a hearing for relief from the automatic stay under Bankruptcy Code Section 362(d), the party opposing stay relief bears the burden of proof on all issues except the debtor's equity in property. *See In re Domestic Fuel Corp.*, 70 B.R. 455, 462-63 (Bankr. S.D.N.Y. 1987); 11 U.S.C. § 362(g). If a creditor seeking relief from the automatic stay makes a *prima facie* case of "cause" for lifting the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code section 362(g). *See In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

10. The term "cause" is not defined in the Bankruptcy Code, and whether cause to lift the stay exists should be determined on a case-by-case basis. *See Izzarelli v. Rexene Prod. Co. (In re Rexene Prod. Co.),* 141 B.R. 574, 576 (Bankr. D. Del. 1992); *Sonnax Indus. v. Tri Compoenent Prod. Corp. (In re Sonnax Ind., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990). "Cause" for modification of the automatic stay "is an intentionally broad and flexible concept that permits . . . [a] [b]ankruptcy [c]ourt, as a court of equity, to respond to inherently fact-sensitive situations." *See In re Texas State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995). Accordingly, courts determine what constitutes "cause" based on the totality of the circumstances in each particular case. *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997) (*citing Trident Assocs. Ltd. P'ship v. Metropolitan Life Ins. Co. (In re Trident Assocs. Ltd. P'ship)*, 52 F.3d 127, 131 (6th Cir. 1995)).

11. Under the totality of circumstances standard, courts often consider the hardship or prejudice to the non-debtor in determining whether to lift the automatic stay. *See In re Bock Laundry Mach. Co.*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984). The court in *Bock* pointed out that "[c]ourts have developed a balancing test, whereby the interests of the estate are weighed against the hardships that will be incurred by the creditor-plaintiff." *Id*. at 566. *See also Milne v. Johnson (In re Milne)*, 185 B.R. 280, 283 (N.D. Ill. 1995) (stating that a court should look into whether, *inter alia,* there will be injury to the debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and weigh the proportionality of harms).

12. The legislative history to section 362(d)(1) indicates that cause may be established by a single factor such as "a desire to permit an action to proceed . . . in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case." *In*

*re Rexene Products Co.*, 141 B.R. at 576 (*citing* H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977) U.S. Code Cong. & Admin. News pp. 5787, 6300).

13. This Court has previously applied an equitable balancing test to determine, if "cause" exists to lift the automatic stay. *In re Rexene Products Co.*, 141 B.R. at 576. Under the equitable balancing test, the Court reviews three factors:

> (1) whether prejudice will be caused to either the bankrupt estate or the debtor,
>
> (2) whether the hardship to the movant by maintenance of the automatic stay outweighs the hardship caused to the debtor;
>
> (3) whether the movant has a reasonable probability of prevailing on the merits of the suit. *Id*.

14. Application of the equitable balancing test to the present case clearly demonstrates that relief from the automatic stay is warranted here.

*The Estates Will Not Be Prejudiced if Relief*
*From the Automatic Stay Is Granted*

15. The estates will not be prejudiced if the automatic stay is lifted to permit Dickenson to pursue the State Court Action, said relief being limited to allowing Dickenson to liquidate and collect on her claims via a negotiated resolution or judgment in an amount not to exceed the Defendant Debtors' applicable insurance coverage. Clearly, the Debtors cannot claim prejudice if the stay is lifted to permit Dickenson to pursue the State Court Action and seek to recover insurance proceeds on account of her damages if the insurance proceeds are not property of the Debtors' estates.

*Balancing the Hardships Weighs Heavily in Favor of Modifying*
*the Stay to Allow Dickenson to Pursue the State Court Action*

16. Permitting Dickenson to pursue the State Court Action, said relief being limited to allowing liquidation and collection of claims via a negotiated resolution or judgment in an

amount not to exceed the Defendant Debtors' applicable insurance coverage, will not cause any hardship to the Debtors. Based upon information and belief, the policy proceeds are not property of the Debtors' estates. Therefore, the Debtors will suffer no hardship if the automatic stay is lifted to permit Dickenson relief for the limited, aforementioned purpose. However, denying this Motion will cause significant financial hardship to Dickenson; Dickenson, a person of limited means who is seeking redress for wrongful termination, will be forced to absorb the cost of transferring the litigation of her claims to a Delaware forum.

### *There is a Substantial Probability Steele Will Succeed on the Merits*

17. When a party seeks to lift an automatic stay, the required showing for the movant's probability of success is "very slight." *In re Rexene Products*, 141 B.R. at 578; *see also In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993) ("Even a slight probability on the merits may be sufficient to support lifting an automatic stay in an appropriate case."). It "merely requires a showing that [the movant's] claim is not frivolous." *Levitz Furniture Inc. v. T. Rowe Price Recovery Fund L.P. (In re Levitz)*, 267 B.R. 516, 523 (Bankr. D. Del. 2000).

18. As detailed in the complaint, Dickenson's probability of success on the merits is substantially greater than "very slight." There can be no dispute that Dickenson's probability of success passes muster under the equitable balancing test. Accordingly, when weighing the above factors, it is clear that this Court should lift the automatic stay.

WHEREFORE, Dickenson respectfully requests relief from the automatic stay to pursue the State Court Action, said relief being limited to allowing Dickenson to liquidate and collect on her claims via a negotiated resolution or judgment in an amount not to exceed the Defendant Debtors' applicable insurance coverage.

Dated: November 8, 2019
      Wilmington, Delaware

CIARDI CIARDI & ASTIN

By:  */s/ Joseph J. McMahon, Jr.*
      Daniel K. Astin (No. 4068)
      Joseph J. McMahon, Jr. (No. 4819)
      1204 N. King Street
      Wilmington, Delaware 19801
      Tel: (302) 658-1100
      Fax: (302) 658-1300
      jmcmahon@ciardilaw.com

*Counsel to Mary Dickenson*