**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FRED'S, INC., *et al.*, | Case No. 19-11984 (CSS) |
| Debtors. | (Jointly Administered) |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**

**Fred's, Inc.**

**Case No. 19-11984 (CSS)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRED'S, INC., *et al.*,[1] | |
| Debtors. | Case No. 19-11984 (CSS) |
| | (Jointly Administered) |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or the "Company") submit their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") pursuant to section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On September 9, 2019 (the "Petition Date"), the Debtors commenced the above captioned chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly under case number 19-11984. The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Fred's, Inc. (4010); Fred's Stores of Tennessee, Inc. (9888); National Equipment Management and Leasing, Inc. (4296); National Pharmaceutical Network, Inc. (9687); Reeves-Sain Drug Store, Inc. (4510); Summit Properties-Jacksboro, LLC (9161); Summit Properties-Bridgeport, LLC (2200); and 505 N. Main Opp, LLC (5850). The Debtors' address is 2001 Bryan Street, Suite 1550, Dallas, Texas 75201.

The Schedules and Statements were prepared by the Debtors' management and are unaudited. While those members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors or omissions may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements. Accordingly, the Debtors reserve their right to amend and/or supplement their Schedules and Statements from time to time as may be necessary or appropriate but there can be no guarantees that the Debtors will do so.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and

however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

These Global Notes and Statements of Limitations, Methodology and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (these "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

### Global Notes and Overview of Methodology

1. **Description of Cases.** On the "Petition Date", each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 10, 2019, an order was entered directing procedural consolidation and joint administration of these chapter 11 cases [Docket No. 52]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The information provided herein, except as otherwise noted, is reported as of the Petition Date.

2. **Global Notes Control.** These Global Notes pertain to and comprise an integral part of each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof. In the event that the Schedules and Statements conflict with these Global Notes, these Global Notes shall control.

3. **Reservations and Limitations.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent

errors or omissions may exist. The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

a. **No Admission.** Nothing contained in the Schedules and Statements or the Global Notes is intended to be or should be construed as an admission or stipulation of the validity of any claim against the Debtors or any assertion made, or a waiver of the Debtors' rights to dispute any such claim or assert any cause of action or defense against any party.

b. **Basis of Presentation.** The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor. For financial reporting purposes, Fred's, Inc. and its affiliated debtors and debtors in possession historically prepared consolidated financial statements, which included financial information for all of its subsidiaries and which were audited annually. The majority of the Debtors' operations occur through Debtor Fred's, Inc. and the Debtors use a centralized cash management system whereby all disbursements are made by Fred's, Inc.

These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors, or various equity holders on an intermittent basis.

The Schedules and Statements have been signed by Mark Renz, Chief Restructuring Officer, for the Company. In reviewing and signing the Schedules and Statements, necessarily relied upon the efforts, statements, and representations of the accounting and non- accounting personnel located at the Debtors' offices who report to, or work with, Mark Renzi, either directly or indirectly. Mark Renzi has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

c. **Date of Valuations.** Except as otherwise noted in the Schedules and Statements, all liabilities, as well as cash, inventory and vendor balances, are valued as of August 31, 2019. The Schedules and Statements reflect the Debtors' best effort to allocate the assets, liabilities, receipts, and expenses to the appropriate Debtor entity "as of" such dates. All values are stated in United States currency. The Debtors made a reasonable effort to allocate liabilities between the pre- and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and post-petition periods and amend the Schedules and Statements accordingly.

d.  **Book Value.** Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records. Therefore, unless otherwise noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values. It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests.

Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers. As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset). The Debtors believe that certain of their assets may have been impaired by, among other things, the events leading to, and the commencement of, the Debtors' chapter 11 cases. The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date. Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

e.  **Property and Equipment.** Owned property and equipment are recorded at cost and are shown net of depreciation. Depreciation is recorded using the straight-line method.

f.  **Causes of Action.** The Debtors have made their best efforts to set forth known

causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

g. **Litigation.** Certain litigation actions (collectively, the "Litigation Actions") reflected as claims against a particular Debtor may relate to any of the other Debtors. The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action. The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

h. **Intellectual Property Rights.** Exclusion of any intellectual property should not be construed as an admission that such intellectual property rights have been abandoned, terminated, or otherwise expired by their terms, or assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed as an admission that such intellectual property rights have not been abandoned, terminated, or otherwise expired by their terms, or assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

i. **Application of Vendor Credits.** In the ordinary course of their businesses, the

Debtors may apply credits against amounts otherwise due to vendors. These credits arise because, among other things, (a) materials ordered and paid for may not be delivered, (b) materials delivered may be damaged or unusable, (c) vendor provides volume rebates and cash discounts, and (d) there may have been quantity and/or shipping variances and violations. While vendor claims are listed in the amounts entered on the Debtors' books and records and do not reflect credits or allowances due from such creditors to the Debtors, the account receivable balances listed do reflect credits or allowances due from such creditors to the Debtors. The Debtors reserve all rights with regard to such credits, allowances and other adjustments. The Bankruptcy Court has authorized, but not directed, the Debtors to, among other things, (a) continue certain customer programs and practices in the ordinary course of business, (b) pay certain prepetition wages, salaries, employee benefits, and other related obligations up to the statutory cap of $13,650 as set forth in the Bankruptcy Code Section 503(c)(2), (c) pay certain prepetition sales, use, and other taxes, (d) pay certain prepetition shipping and related charges, and (e) pay certain prepetition amounts related to the Debtors' insurance policies. While the Debtors have made their best efforts to reflect the claims, by vendor, the actual unpaid claims of creditors that may be allowed in these cases may differ from the amounts set forth in the Schedules and Statements. Moreover, the Debtors have not attempted to reflect any alleged recoupments in the claims of utility companies or other parties holding prepetition deposits that may assert (or have asserted) a recoupment right.

Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that

9

the claim is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to (a) object to or otherwise dispute or assert setoff rights, cross-claims, counterclaims or defenses to, any claim reflected on the Schedules as to amount, liability, classification or otherwise or (b) otherwise to designate subsequently any claim as "disputed," "contingent" or "unliquidated."

The claims listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim. The Debtors have excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, and to the extent such damage claims exist, the Debtors reserve all rights to contest such claims as asserted.

j.  **Employee Claims.** The Bankruptcy Court entered a final order authorizing, but not directing, the Debtors to pay certain prepetition employee wages, salaries, benefits and other related obligations. The Debtors currently expect that most prepetition employee claims for wages, salaries, benefits and other related obligations either have been paid or will be paid in the ordinary course of business and, therefore, the Schedules and Statements do not include such claims. Notwithstanding the foregoing, the Debtors reserve their rights to (a) evaluate whether to modify or terminate any employee plan or program and (b) modify or terminate, with respect to discretionary obligations, or seek to modify or terminate any such plans or

programs.  In the event that any employee plans or programs are modified or terminated, or sought to be modified or terminated, affected employees would receive by mail notice thereof, thereby allowing any such affected party to assert claims against the Debtors arising therefrom.

k. **Intercompany Items.** For purposes of the Schedules and Statements, the Debtors

have not reflected intercompany receivables and payables between Debtor entities as these entries are made for accounting purposes only and would not be settled in cash. The Debtors have reported receivables on Schedule A/B-11 and payables on Schedule E between each Debtor affiliate.

4.  **Specific Schedules Disclosures.**

(a)  **Schedule A/B - Items 2 and 3 – Cash on hand and checking, savings, money market, or financial brokerage accounts.** The numbers listed in Items 2 and 3 are based on the Debtors' books and records and reflect the balance sheet representation of the amounts held at the Debtors' store cash registers, store safes, and the like as of August 31, 2019.

(b)  **Schedule A/B – Item 7 – Security Deposits.** Although the Debtors' books and records

show ~$1.2 million in accounts, the listing in Schedule A/B-7 reflects the Debtors' current reconciliation of actual amounts deposited. The Debtors' continue to reconcile the amounts and will provide further information when it becomes known.

(c)  **Schedule A/B – Item 7 – Security Deposits.** Some of the items in

prepayments reflected here have already been received however, they are

still reflected here due to timing issues related to items that were

received that had been paid for in advance

(d) **Schedule A/B – Item 11 – Accounts Receivable.** As noted above, the account receivable balances listed reflect credits or allowances due from vendor creditors to the Debtors. Some of these credits from vendors are from overpayments by Fred's, Inc.

(e) **Schedule A/B – Item 77 – Other property of any kind not already listed.** In certain instances, the Debtors do not have data available in their system to provide detail by credit card vendor. These would include, but are not limited to, vendors such as Discover, MasterCard and Visa.

(f) **Schedule A/B – Items 60-65 – Intangibles and intellectual property.** The Debtors have not listed the value of such items because the values on the Debtors' books and records may not accurately reflect their value in the marketplace.

(g) **Schedule A/B – Items 74 and 75 – Causes of action against third parties (whether or not a lawsuit has been filed) and other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtors and rights to set off claims. The Debtors attempted to list known causes of action and other claims that would be included in this category.** Potential preference actions and/or fraudulent transfer actions were not listed because the Debtors have not completed an analysis of such potential causes of action. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that

12

such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

(h) **Schedule D – Creditors Who Have Claims Secured by Property.** Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed

on a particular Debtor's Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.

In certain instances, a Debtor may be a co-obligor, co-mortgager or guarantor with respect to scheduled claims of other Debtors. No claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged by other entities.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, utility companies and other parties which

may hold security deposits have not been listed on Schedule D. The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

(i)     **Schedule E/F – Creditors Who Hold Unsecured Claims.** Certain of the claims of state and local taxing authorities set forth in Schedule E ultimately may be deemed to be secured claims pursuant to state or local laws. In addition, certain of the claims owing to various taxing authorities to which the Debtors may be liable may be subject to ongoing audits. The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority and the listing of any claim on Schedule E/F Part 1 does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

In certain instances, a Debtor may be a guarantor with respect to scheduled claims of other Debtors. No claim set forth on the Schedule E/F of any Debtor is intended to acknowledge claims of creditors that are may be otherwise satisfied or discharged. As noted above, the Bankruptcy Court has authorized, but not directed, the Debtors to pay,

among other matters, certain prepetition wages, salaries, employee benefits, and other related obligations up to the statutory cap of $13,650. To the extent any employees have been paid or will be paid in accordance with the Bankruptcy Court's order they have not been listed. Employees with priority claims up to the cap of $13,650 are listed on Schedule E/F (priority) with the excess of the statutory cap listed on Schedule E/F (non-priority). Additionally, the Debtor's

14

rarely have patients with credit balances and process them as they are presented. There is similarly no information on the Debtors' books and records with respect to possible refunds as the Debtors have no knowledge about such refunds until the patient and corresponding third -party payor present them. Therefore, refunds are not included in Schedule E/F.

As noted above, the Debtors use a centralized cash management system whereby all disbursements are made by Fred's, Inc. In the ordinary course, the Debtors engage in intercompany transactions and transfers amongst themselves, among other things, the expenses of conducting certain of their retail operations. As a result, liabilities listed on Schedule E/F of Debtor Fred's, Inc. may be liabilities of one or more Debtors but, in each case, are paid in the ordinary course of business by Fred's, Inc.

Schedule E/F reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may or have been be rejected in these chapter 11 cases.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and

costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights to, but undertake no obligations to, amend Schedules D and E/F if and as they receive such invoices.

(j) **Schedule G – Executory Contracts and Unexpired Leases.** The businesses of the

Debtors are complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to (a) dispute the validity, status or enforceability of any

contracts, agreements or leases set forth in Schedule G and (b) amend or supplement such Schedule as necessary. Furthermore, the Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or an unexpired lease.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various

16

amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreement, which documents may not be set forth in Schedule G.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

(k) **Schedule H – Co-debtors.** The Debtors included on Schedule H debts for which more than one Debtor may be liable even where such debts were reflected on Schedules E/F or G for the respective Debtors. To the extent these Global Notes include notes specific to Schedules D through G, such notes also apply to the co-debtors listed in Schedule H.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>505 N. Main Opp, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(if known)</td><td>19-11983</td></tr>
</table>

☐ Check if this is an
amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

04/19

---

**Part 1:**    Summary of Assets

---

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
        Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
        $4,637.54

    1b. **Total personal property:**
        Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
        UNKNOWN

    1c. **Total of all property:**
        Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
        $4,637.54

---

**Part 2:**    Summary of Liabilities

---

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .
    $23,794,734.00

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

    3a. **Total claim amounts of priority unsecured claims:**
        Copy the total claims from Part 1 from line 6a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . .
        NOT APPLICABLE

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
        Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F . . . . . . . . . . . . . .
        +      NOT APPLICABLE

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    Lines 2 + 3a + 3b
    $23,794,734.00

---

| Fill in this information to identify the case: |
| --- |

Debtor    505 N. Main Opp, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number   19-11983
(if known)

☐ Check if this is an
amended filing

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property       04/19

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | CASH AND CASH EQUIVALENTS |
| --- | --- |

1.   **DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**
    ☑ No. Go to Part 2.
    ☐ Yes. Fill in the information below.

| **All cash or cash equivalents owned or controlled by the debtor** | **Current value of debtor's interest** |
| --- | --- |

2.   **CASH ON HAND**

3.   **CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS**
   *(IDENTIFY ALL)*

4.   **OTHER CASH EQUIVALENTS**

5   **Total of Part 1.**
   ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80.       NOT APPLICABLE

| Part 2: | DEPOSITS AND PREPAYMENTS |
| --- | --- |

6.   **DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**
    ☑ No. Go to Part 3.
    ☐ Yes. Fill in the information below.

**Current value of debtor's interest**

7.   **DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS**
   DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT

8.   **PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT**
   DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT

9   **Total of Part 2.**
   ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81.       NOT APPLICABLE

| Debtor | 505 N. Main Opp, LLC | Case number (if known) | 19-11984 |
|---|---|---|---|
| | (Name) | | |

## Part 3: ACCOUNTS RECEIVABLE

**10. DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**

☒ No. Go to Part 4.
☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**11. ACCOUNTS RECEIVABLE**

**12 Total of Part 3.**
CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82.

NOT APPLICABLE

## Part 4: INVESTMENTS

**13. DOES THE DEBTOR OWN ANY INVESTMENTS?**

☒ No. Go to Part 5.
☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1**

NAME OF FUND OR STOCK:

**15. NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE**

**16. GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1**

DESCRIBE:

**17 Total of Part 4.**
ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83.

NOT APPLICABLE

## Part 5: INVENTORY, EXCLUDING AGRICULTURE ASSETS

**18. DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**

☒ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**19. RAW MATERIALS**

**20. WORK IN PROGRESS**

**21. FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE**

**22. OTHER INVENTORY OR SUPPLIES**

**23 Total of Part 5.**
ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84.

NOT APPLICABLE

**24. Is any of the property listed in Part 5 perishable?**
☒ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes    Book value _____    Valuation method _____    Current value _____

| Debtor | 505 N. Main Opp, LLC | Case number (if known) | 19-11984 |
| | (Name) | | |

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☒ No
☐ Yes

| **Part 6:** | **FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)** |

27. **DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**
☒ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |

28. **CROPS—EITHER PLANTED OR HARVESTED**

29. **FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH** *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH

30. **FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)**  (OTHER THAN TITLED MOTOR VEHICLES)

31. **FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED**

32. **OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6**

33 **Total of Part 6.**
ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85.

| | NOT APPLICABLE |

34. **Is the debtor a member of an agricultural cooperative?**
☒ No
☐ Yes.  Is any of the debtor's property stored at the cooperative?
☐ No
☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
☒ No
☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☒ No
☐ Yes

| **Part 7:** | **OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES** |

38. **DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**
☒ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |

39. **OFFICE FURNITURE**

40. **OFFICE FIXTURES**

41. **OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE**

Debtor    505 N. Main Opp, LLC                                                    Case number (if known) 19-11984

(Name)

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **42. COLLECTIBLES EXAMPLES: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES** *EXAMPLES:* ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |

**43  Total of Part 7.**
ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86.                           NOT APPLICABLE

**44.  Is a depreciation schedule available for any of the property listed in Part 7?**
☒ No
☐ Yes

**45.  Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☐ No
☐ Yes

## Part 8:  MACHINERY, EQUIPMENT, AND VEHICLES

**46.  DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**
☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47.  AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES** | | | |
| **48.  WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS** EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS | | | |
| **49.  AIRCRAFT AND ACCESSORIES** | | | |
| **50.  OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)** | | | |

**51  Total of Part 8.**
ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87.                           NOT APPLICABLE

**52.  Is a depreciation schedule available for any of the property listed in Part 8?**
☒ No
☐ Yes

**53.  Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 9:  REAL PROPERTY

**54.  DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**
☐ No. Go to Part 10.
☒ Yes. Fill in the information below.

**55.  ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Debtor | 505 N. Main Opp, LLC | Case number (if known) | 19-11984 (CTG) |
|---|---|---|---|
| | (Name) | | |

## 55. ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.  505 N. MAIN STREET OPP AL 36467 - STORE | REAL PROPERTY OWNED | $4,637.54 | BOOK | $4,637.54 |

| | | |
|---|---|---|
| **56** | **Total of Part 9.** ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88. | $4,637.54 |

**57.  Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

**58.  Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 10:   INTANGIBLES AND INTELLECTUAL PROPERTY

**59.  DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**
☒ No. Go to Part 11.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.  PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS** | | | |
| **61.  INTERNET DOMAIN NAMES AND WEBSITES** | | | |
| **62.  LICENSES, FRANCHISES, AND ROYALTIES** | | | |
| **63.  CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS** | | | |
| **64.  OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY** | | | |
| **65.  GOODWILL** | | | |

| | | |
|---|---|---|
| **66** | **Total of Part 10.** ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89. | NOT APPLICABLE |

**67.  Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**
☒ No
☐ Yes

**68.  Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☒ No
☐ Yes

**69.  Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 11:   ALL OTHER ASSETS

**70.  DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.
☐ No. Go to Part 12.
☒ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

Debtor    505 N. Main Opp, LLC                                    Case number (if known) 19-11984-CTG
         (Name)

|  | Current value of debtor's interest |
|---|---|

**71. NOTES RECEIVABLE**

DESCRIPTION (INCLUDE NAME OF OBLIGOR)

**NONE**

**72. TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)**

DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL)

**NONE**

**73. INTERESTS IN INSURANCE POLICIES OR ANNUITIES**

| | |
|---|---|
| 2623/623 LLOYD'S SYNDICATE (BEAZLEY) - CYBER RISK | UNKNOWN |
| ALLIED WORLD SPECIALTY INSURANCE COMPANY - D&O | UNKNOWN |
| AXIS INSURANCE COMPANY - CRIME | UNKNOWN |
| AXIS INSURANCE COMPANY - D&O | UNKNOWN |
| BEAZLEY INSURANCE COMPANY, INC. - D&O | UNKNOWN |
| BEAZLEY INSURANCE COMPANY, INC. - EMPLOYMENT PRACTICES LIABILITY | UNKNOWN |
| FEDERAL INSURANCE COMPANY - EMPLOYED LAWYERS | UNKNOWN |
| LANDMARK AMERICAN INSURANCE COMPANY (NON☐ADMITTED) - E&O | UNKNOWN |
| LIBERTY INS UNDERWRITERS INC. - UMBRELLA LIABILITY | UNKNOWN |
| NATIONAL UNION FIRE INS CO - D&O | UNKNOWN |
| NATIONAL UNION FIRE INS CO - FIDUCIARY LIABILITY | UNKNOWN |
| NATIONAL UNION FIRE INS CO - SPECIAL RISK; KIDNAPPING/RANSOM | UNKNOWN |
| NATIONAL UNION FIRE INS CO (AIG) - SDA D&O | UNKNOWN |
| NAVIGATORS INSURANCE COMPANY - EXCESS LIABILITY | UNKNOWN |
| OHIO CASUALTY INSURANCE COMPANY - EXCESS LIABILITY | UNKNOWN |
| OLD REPUBLIC - SDA D&O | UNKNOWN |
| SAFETY NATIONAL CASUALTY CORP - AUTOMOBILE LIABILITY & PHYSICAL DAMAGE | UNKNOWN |
| SAFETY NATIONAL CASUALTY CORP - GENERAL LIABILITY | UNKNOWN |
| SAFETY NATIONAL CASUALTY CORP - WORKERS COMPENSATION | UNKNOWN |
| TAX ON PROPERTY, E&O, & CYBER POLICIES | UNKNOWN |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA - D&O | UNKNOWN |
| XL INSURANCE AMERICA INC. - PROPERTY | UNKNOWN |
| XL INSURANCE AMERICA INC - PROPERTY | |
| XL SPECIALTY INSURANCE COMPANY - CRGO | UNKNOWN |

**74. CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)**

**NONE**

**75. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS**

**NONE**

**76. TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY**

**NONE**

**77. OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED  EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP

**NONE**

**78  Total of Part 11.**
ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90.

| UNKNOWN |
|---|

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☑ No
☐ Yes

Debtor     505 N. Main Opp, LLC                              Case number (if known) 19-11983
           (Name)

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | | |
| 83. **Investments.** *Copy line 17, Part 4.* | | |
| 84. **Inventory.** *Copy line 23, Part 5.* | | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| 88. **Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ➔ | | $4,637.54 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + UNKNOWN | |
| 91. **Total.** Add lines 80 through 90 for each column. . . . . . . . . 91a. | $0.00 | + 91b   $4,637.54 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $4,637.54 |

| Fill in this information to identify the case: |
|---|
| Debtor   505 N. Main Opp, LLC |
| United States Bankruptcy Court for the:  District of Delaware |
| Case number   19-11983<br>(if known) |

☐ Check if this is an
amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property     04/19

**Be as complete and accurate as possible.**

1.  **1. Do any creditors have claims secured by debtor's property?**

    ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

    ☑ Yes. Fill in all of the information below.

| **Part 1:** | **List All Creditors with Secured Claims** |
|---|---|

2.  **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  |  |  | Column A<br>**Amount of claim**<br>*Do not deduct the value of collateral.* | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|---|
| 2.1 | **Creditor's name**<br>ACE AMERICAN INSURANCE COMPANY<br><br>**Creditor's mailing address**<br>436 WALNUT STREET, WA02J<br>PHILADELPHIA, PA  19106<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>9/14/2005<br><br>**Last 4 digits of account number:**<br><br>**Do multiple creditors have an interest in the same property?**<br>☐ No<br>☑ Yes | **Describe debtor's property that is subject to a lien**<br>SUBSTANTIALLY ALL OF THE ASSETS OF FRED'S, INC AND CERTAIN OF ITS SUBSIDIARIES<br><br>**Describe the lien**<br>LETTER OF CREDIT<br><br>**Is the creditor an insider or related party?**<br>☑ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☑ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | $2,711,672.00 | $2,711,672.00 |
| 2.2 | **Creditor's name**<br>ARROWOOD INDEMNITY COMPANY<br><br>**Creditor's mailing address**<br>3600 ARCO CORPORATE DRIVE<br>CHARLOTTE, NC  28273<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>3/28/2002<br><br>**Last 4 digits of account number:**<br><br>**Do multiple creditors have an interest in the same property?**<br>☐ No<br>☑ Yes | **Describe debtor's property that is subject to a lien**<br>SUBSTANTIALLY ALL OF THE ASSETS OF FRED'S, INC AND CERTAIN OF ITS SUBSIDIARIES<br><br>**Describe the lien**<br>LETTER OF CREDIT<br><br>**Is the creditor an insider or related party?**<br>☑ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☑ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | $143,000.00 | $143,000.00 |

| Debtor | 505 N. Main Opp, LLC | | |
|--------|----------------------|--|--|
| | (Name) | | Case number (if known) 19-11993 | |

| **Part 1:** | **Additional Page** |
|---|---|

| | | Column A | Column B |
|--|--|----------|----------|
| | | **Amount of claim**<br>*Do not deduct the value of collateral.* | **Value of collateral that supports this claim** |

| 2.3 | **Creditor's name**<br>BANK OF AMERICA / MERRILL LYNCH<br><br>**Creditor's mailing address**<br>100 FEDERAL ST.<br>BOSTON, MA  02110<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>4/9/2015<br><br>**Last 4 digits of account number:**<br><br>**Do multiple creditors have an interest in the same property?**<br>☐ No<br>☒ Yes<br>   Specify each creditor, including this creditor, and its relative priority.<br>   BANK OF AMERICA / MERRILL LYNCH<br>   REGIONS BUSINESS CAPITAL | **Describe debtor's property that is subject to a lien**<br>SUBSTANTIALLY ALL OF THE ASSETS OF FRED'S, INC AND CERTAIN OF ITS SUBSIDIARIES<br><br>**Describe the lien**<br>COLLATERAL, FIRST LIEN<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $7,507,531.00 | $7,507,531.00 |
| 2.4 | **Creditor's name**<br>FIDELITY & DEPOSIT CO OF MARYLAND<br><br>**Creditor's mailing address**<br>C/O ZURICH AMERICAN INSURANCE CO.<br>ATTN:  COLLATERAL DEPT, F5-2<br>1299 ZURICH WAY<br>SCHAUMBURG, IL  60196-1056<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>8/16/2019<br><br>**Last 4 digits of account number:**<br><br>**Do multiple creditors have an interest in the same property?**<br>☐ No<br>☒ Yes | **Describe debtor's property that is subject to a lien**<br>SUBSTANTIALLY ALL OF THE ASSETS OF FRED'S, INC AND CERTAIN OF ITS SUBSIDIARIES<br><br>**Describe the lien**<br>LETTER OF CREDIT<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $260,000.00 | $260,000.00 |

Debtor   505 N. Main Opp, LLC
         (Name)

Case number (if known) 19-11983

| **Part 1:** | **Additional Page** | | |
|---|---|---|---|

| | | Column A<br>**Amount of claim**<br>*Do not deduct the value of collateral.* | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| 2.5 | **Creditor's name**<br>FIDELITY & DEPOSIT CO OF MARYLAND<br><br>**Creditor's mailing address**<br>C/O ZURICH AMERICAN INSURANCE CO.<br>ATTN:  COLLATERAL DEPT, F5-2<br>1299 ZURICH WAY<br>SCHAUMBURG, IL  60196-1056<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>8/16/2019<br><br>**Last 4 digits of account number:**<br><br>**Do multiple creditors have an interest in the same property?**<br>☐ No<br>☒ Yes | **Describe debtor's property that is subject to a lien**<br>SUBSTANTIALLY ALL OF THE ASSETS OF FRED'S, INC AND CERTAIN OF ITS SUBSIDIARIES<br><br>**Describe the lien**<br>LETTER OF CREDIT<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $140,000.00 | $140,000.00 |
| 2.6 | **Creditor's name**<br>GELCO CORPORATION<br><br>**Creditor's mailing address**<br>3 CAPITAL DRIVE<br>EDEN PRAIRIE, MN  55344<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>12/19/2017<br><br>**Last 4 digits of account number:**<br><br>**Do multiple creditors have an interest in the same property?**<br>☐ No<br>☒ Yes | **Describe debtor's property that is subject to a lien**<br>SUBSTANTIALLY ALL OF THE ASSETS OF FRED'S, INC AND CERTAIN OF ITS SUBSIDIARIES<br><br>**Describe the lien**<br>LETTER OF CREDIT<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $200,000.00 | $200,000.00 |

| Debtor | 505 N. Main Opp, LLC | Case number (if known) | 19-11988 |
|---|---|---|---|
| | (Name) | | |

| Part 1: | Additional Page |
|---|---|

| | | | Column A | Column B |
|---|---|---|---|---|
| | | | **Amount of claim** | **Value of collateral that supports this claim** |
| | | | *Do not deduct the value of collateral.* | |

**2.7**

**Creditor's name**
REGIONS BUSINESS CAPITAL

**Creditor's mailing address**
1180 WEST PEACHTREE STREET NW
SUITE 1000
ATLANTA, GA  30309

**Creditor's email address**

**Date or dates debt was incurred**
4/9/2015

**Last 4 digits of account number:**

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes
　The relative priority of creditors is specified on lines 2.3

**Describe debtor's property that is subject to a lien**
SUBSTANTIALLY ALL OF THE ASSETS OF FRED'S, INC AND CERTAIN OF ITS SUBSIDIARIES

**Describe the lien**
COLLATERAL, FIRST LIEN

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$7,507,531.00 | $7,507,531.00

**2.8**

**Creditor's name**
SAFETY NATIONAL CASUALTY

**Creditor's mailing address**
1832 SCHUETZ RD
ST. LOUIS, MO  63146

**Creditor's email address**

**Date or dates debt was incurred**
8/7/2012

**Last 4 digits of account number:**

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes

**Describe debtor's property that is subject to a lien**
SUBSTANTIALLY ALL OF THE ASSETS OF FRED'S, INC AND CERTAIN OF ITS SUBSIDIARIES

**Describe the lien**
LETTER OF CREDIT

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$5,325,000.00 | $5,325,000.00

| **3.** | **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** | $23,794,734.00 | |
|---|---|---|---|

| Fill in this information to identify the case: |
|---|
| Debtor    505 N. Main Opp, LLC |
| United States Bankruptcy Court for the:   District of Delaware |
| Case number   19-11983<br>(if known) |

☐ Check if this is an
amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

04/19

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B*)* and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   - ☒ No. Go to Part 2.
   - ☐ Yes. Go to line 2.

### Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

### Part 4:   Total Amounts of the Priority and Nonpriority Unsecured Claims

5. **Add the amounts of priority and nonpriority unsecured claims.**

Total of claim amounts

| | | | |
|---|---|---|---|
| 5a. | Total claims from Part 1 | 5a. | NOT APPLICABLE |
| 5b. | Total claims from Part 2 | 5b.   + | NOT APPLICABLE |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | NOT APPLICABLE |

**Fill in this information to identify the case:**

Debtor          505 N. Main Opp, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number    19-11983
(if known)

☐ Check if this is an
amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases          04/19

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1.  **Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

**Fill in this information to identify the case:**

Debtor    505 N. Main Opp, LLC

United States Bankruptcy Court for the:   District of Delaware

Case number   19-11983
(if known)

☐ Check if this is an
amended filing

## Official Form 206H

## Schedule H: Codebtors        4/19

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

1. **Does the debtor have any codebtors?**

    ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

    ☒ Yes.

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
   creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each
   schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.1 | FRED'S STORES OF TENNESSEE, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | ACE AMERICAN INSURANCE COMPANY | ☒ D ☐ E/F ☐ G |
| 2.2 | FRED'S STORES OF TENNESSEE, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | ARROWOOD INDEMNITY COMPANY | ☒ D ☐ E/F ☐ G |
| 2.3 | FRED'S STORES OF TENNESSEE, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | BANK OF AMERICA / MERRILL LYNCH | ☒ D ☐ E/F ☐ G |
| 2.4 | FRED'S STORES OF TENNESSEE, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | FIDELITY & DEPOSIT CO OF | ☒ D ☐ E/F ☐ G |
| 2.5 | FRED'S STORES OF TENNESSEE, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | FIDELITY & DEPOSIT CO OF MARYLAND | ☒ D ☐ E/F ☐ G |
| 2.6 | FRED'S STORES OF TENNESSEE, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | GELCO CORPORATION | ☒ D ☐ E/F ☐ G |
| 2.7 | FRED'S STORES OF TENNESSEE, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | REGIONS BUSINESS CAPITAL | ☒ D ☐ E/F ☐ G |
| 2.8 | FRED'S STORES OF TENNESSEE, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | SAFETY NATIONAL CASUALTY | ☒ D ☐ E/F ☐ G |
| 2.9 | FRED'S, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | ACE AMERICAN INSURANCE COMPANY | ☒ D ☐ E/F ☐ G |
| 2.10 | FRED'S, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | ARROWOOD INDEMNITY COMPANY | ☒ D ☐ E/F ☐ G |
| 2.11 | FRED'S, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | BANK OF AMERICA / MERRILL LYNCH | ☒ D ☐ E/F ☐ G |

**Additional Page if Debtor Has More Codebtors**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.12 | FRED'S, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | FIDELITY & DEPOSIT CO OF | ☑ D ☐ E/F ☐ G |
| 2.13 | FRED'S, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | FIDELITY & DEPOSIT CO OF MARYLAND | ☑ D ☐ E/F ☐ G |
| 2.14 | FRED'S, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | GELCO CORPORATION | ☑ D ☐ E/F ☐ G |
| 2.15 | FRED'S, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | REGIONS BUSINESS CAPITAL | ☑ D ☐ E/F ☐ G |
| 2.16 | FRED'S, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | SAFETY NATIONAL CASUALTY | ☑ D ☐ E/F ☐ G |
| 2.17 | NATIONAL PHARMACEUTICAL NETWORK, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | ACE AMERICAN INSURANCE COMPANY | ☑ D ☐ E/F ☐ G |
| 2.18 | NATIONAL PHARMACEUTICAL NETWORK, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | ARROWOOD INDEMNITY COMPANY | ☑ D ☐ E/F ☐ G |
| 2.19 | NATIONAL PHARMACEUTICAL NETWORK, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | BANK OF AMERICA / MERRILL LYNCH | ☑ D ☐ E/F ☐ G |
| 2.20 | NATIONAL PHARMACEUTICAL NETWORK, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | FIDELITY & DEPOSIT CO OF | ☑ D ☐ E/F ☐ G |
| 2.21 | NATIONAL PHARMACEUTICAL NETWORK, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | FIDELITY & DEPOSIT CO OF MARYLAND | ☑ D ☐ E/F ☐ G |
| 2.22 | NATIONAL PHARMACEUTICAL NETWORK, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | GELCO CORPORATION | ☑ D ☐ E/F ☐ G |
| 2.23 | NATIONAL PHARMACEUTICAL NETWORK, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | REGIONS BUSINESS CAPITAL | ☑ D ☐ E/F ☐ G |
| 2.24 | NATIONAL PHARMACEUTICAL NETWORK, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | SAFETY NATIONAL CASUALTY | ☑ D ☐ E/F ☐ G |
| 2.25 | REEVES-SAIN DRUG STORE, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | ACE AMERICAN INSURANCE COMPANY | ☑ D ☐ E/F ☐ G |
| 2.26 | REEVES-SAIN DRUG STORE, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | ARROWOOD INDEMNITY COMPANY | ☑ D ☐ E/F ☐ G |
| 2.27 | REEVES-SAIN DRUG STORE, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | BANK OF AMERICA / MERRILL LYNCH | ☑ D ☐ E/F ☐ G |
| 2.28 | REEVES-SAIN DRUG STORE, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | FIDELITY & DEPOSIT CO OF | ☑ D ☐ E/F ☐ G |

Debtor    505 N. Main Opp, LLC                                    Case number (if known)    19-11983
         (Name)

| | Additional Page if Debtor Has More Codebtors | | | |
|---|---|---|---|---|

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply |
| 2.29 | REEVES-SAIN DRUG STORE, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | FIDELITY & DEPOSIT CO OF MARYLAND | ☒ D ☐ E/F ☐ G |
| 2.30 | REEVES-SAIN DRUG STORE, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | GELCO CORPORATION | ☒ D ☐ E/F ☐ G |
| 2.31 | REEVES-SAIN DRUG STORE, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | REGIONS BUSINESS CAPITAL | ☒ D ☐ E/F ☐ G |
| 2.32 | REEVES-SAIN DRUG STORE, INC. | 2001 BRYAN STREET SUITE 1550 DALLAS, TX 75201 | SAFETY NATIONAL CASUALTY | ☒ D ☐ E/F ☐ G |

Fill in this information to identify the case:

Debtor     505 N. Main Opp, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number     19-11983
(if known)

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

04/19

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Delcaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/11/2019
MM / DD / YYYY

✖ /s/ Mark Renzi
Signature of individual signing on behalf of debtor

Mark Renzi
Printed name

Chief Restructuring Officer
Position or relationship to debtor