**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRED'S, INC., *et al.*,[1] | ) ) ) | Case No. 19-11984 (CSS) |
| Debtors. | ) ) ) | Jointly Administered<br>**Re:  D.I. 756, 813, 843, 847, 851, 867 & 870** |

**ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING
RECORD DATE, (III) APPROVING SOLICITATION MATERIALS AND
PROCEDURES FOR DISTRIBUTION THEREOF, (IV) APPROVING FORMS OF
BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON PLAN, (V)
SCHEDULING HEARING AND ESTABLISHING NOTICE AND OBJECTION
PROCEDURES IN RESPECT OF CONFIRMATION OF PLAN,
AND (VI) GRANTING RELATED RELIEF**

Upon consideration of the *Debtors' Motion for Entry of an Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Solicitation Materials and Procedures for Distribution Thereof, (IV) Approving Forms of Ballots and Establishing Procedures for Voting on Plan, (V) Scheduling Hearing and Establishing Notice and Objection Procedures in Respect of Confirmation of Plan, and (VI) Granting Related Relief* (the "Motion");[2] and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Fred's, Inc. (4010); Fred's Stores of Tennessee, Inc. (9888); National Equipment Management and Leasing, Inc. (4296); National Pharmaceutical Network, Inc. (9687); Reeves-Sain Drug Store, Inc. (4510); Summit Properties-Jacksboro, LLC (9161); Summit Properties-Bridgeport, LLC (2200); and 505 N. Main Opp, LLC (5850).  The Debtors' address is 6625 Lenox Park, Suite 200, Memphis, TN 38115.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion, the Disclosure Statement, and the Plan, as applicable.

Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion and opportunity for a hearing on the Motion having been given to the parties listed therein being sufficient under the circumstances, and it appearing that no other or further notice need be provided; and opportunity for a hearing on the Motion having been given to the parties listed therein; and the Court having reviewed and considered the Motion; and the Court having the opportunity to hold a hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The relief requested in the Motion is granted as set forth herein.

2. The Disclosure Statement is hereby approved pursuant to section 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-1.

3. The Ballot substantially in the form attached to the Motion as <u>Exhibit B</u> is hereby approved.

4. In order to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed, and delivered, by either mail, overnight courier, personal delivery, or electronic, online transmission at the portal for electronic Ballots (the "<u>E-Ballot Portal</u>"), available on the website created by the Debtors' solicitation and claim agent, Epiq Corporate Restructuring, LLC ("<u>Epiq</u>"), so that they are <u>actually received</u> no later than **4:00 p.m. (ET) on April 9, 2020** (the "<u>Voting Deadline</u>"). Parties entitled to vote shall be authorized in their sole

discretion to complete an electronic Ballot and electronically sign and submit the Ballot to Epiq. Ballots transmitted by telecopy, facsimile, email, or other electronic means of transmission will not be counted.

5. The following procedures shall be utilized in tabulating the votes to accept or reject the Plan (the "Tabulation Procedures"):

    a. Unless otherwise provided in these Tabulation Procedures, a Claim will be deemed temporarily allowed for voting purposes only in an amount equal to (i) the liquidated, non-contingent, undisputed amount of such Claim as set forth in the Debtors' Schedules of Assets and Liabilities (including all amendments thereto, the "Schedules") if no Proof of Claim has been timely filed in respect of such Claim; or (ii) if a Proof of Claim has been timely filed in respect of such Claim, the liquidated, non-contingent, undisputed amount set forth in such Proof of Claim.

    b. If a Claim is deemed allowed under the Plan, an order of the Court, or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein.

    c. If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

    d. If a Claim, for which no Proof of Claim has been timely filed, is listed on the Schedules, but is listed as contingent, unliquidated, or disputed, or if no Claim amount is specified, such Claim shall be disallowed for voting purposes only, *provided*, *however*, if the applicable bar date has not yet passed, such Claim will be entitled to vote at $1.00.

    e. If a Claim, for which a Proof of Claim has been timely filed, has not been disallowed and is not subject to a pending objection or adversary proceeding as of the Voting Record Date, is for unknown or undetermined amounts, or is wholly unliquidated, contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by Epiq) and such Claim has not been Allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

    f. Proofs of Claim filed for $0.00 are not entitled to vote.

g. If the Debtors have served an objection or request for estimation as to a Claim at least fifteen (15) calendar days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection, or as ordered by the Court before the Voting Deadline.

h. If a Claimholder identifies a Claim amount on its Ballot that is different than the amount otherwise calculated in accordance with the Tabulation Procedures, the Claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

i. Claimholders will not be entitled to vote Claims to the extent such Claims have been superseded and/or amended by other Claims filed by or on behalf of such Claimholders. If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending Claim shall be entitled to vote in a manner consistent with these Tabulation Procedures, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended Claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these Tabulation Procedures.

j. Except as otherwise ordered by the Court, any Ballots received after the Voting Deadline will not be counted absent the consent of the Debtors (in their sole discretion).

k. Any Ballot that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted.

l. Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted.

m. Any Ballot cast by a person or entity that does not hold a Claim in a Class entitled to vote to accept or reject the Plan will not be counted.

n. Any Ballot that is returned indicating acceptance or rejection of the Plan but is unsigned will not be counted.

o. Whenever a Claimholder casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

p. If a Claimholder casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

q. Each Claimholder will be deemed to have voted the full amount of its Claim as set forth on the Ballot.

r. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan. Claimholders may not split their vote within a Class – thus, each Claimholder will be required to vote all of its Claims within the Class either to accept or reject the Plan.

s. Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims.

t. Ballots partially rejecting and partially accepting the Plan will not be counted.

u. An original executed Ballot is required to be submitted by the entity submitting any written Ballot. Any unsigned Ballot or Ballot without an original signature will not be counted, *provided*, *however*, for the avoidance of doubt, a Ballot submitted via Epiq's E-Ballot Portal will be deemed to contain an original signature.

v. Any Ballot transmitted to Epiq by telecopy, facsimile, email, or other electronic means of transmission (other than Epiq's E-Ballot Portal) will not be counted.

w. The method of delivery of Ballots to Epiq is at the risk of each Claimholder, and such delivery will be deemed made only when the original Ballot is <u>actually received</u> by Epiq.

x. The Debtors expressly reserve the right to amend the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Debtors make material changes to the terms of the Plan, the Debtors will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court.

y. If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a

    fiduciary or representative capacity on behalf of a Claimholder, such person will be required to indicate such capacity when signing and, at Epiq's discretion, must submit proper evidence satisfactory to Epiq to so act on behalf of the Claimholder.

  z. Any Claimholder who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).

  aa. Subject to any contrary order of the Court, the Debtors reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

  bb. Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

  cc. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification, *provided*, *however*, that the Debtors, subject to any contrary order of the Bankruptcy Court and except as otherwise set forth herein, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by Epiq.

6. Upon completion of the balloting, Epiq shall certify the amount and number of Allowed Claims in the Voting Class accepting or rejecting the Plan. The Debtors shall cause such certification to be filed with the Court prior to the Confirmation Hearing.

7. If any Claimholder seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, such Claimholder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "<u>Rule 3018 Motion</u>") and serve the Rule 3018 Motion on the Debtors so that it is received no later than **4:00 p.m. (Prevailing Eastern Time) on the fifth (5th) Business Day after the later of (a) service**

**of the Confirmation Hearing Notice and (b) service of notice of an objection, if any, to such Claim**.  The Debtors, or any other party in interest, shall have until **April 20, 2020 at 4:00 p.m. (ET)** to file and serve any responses to such motions, and the moving parties shall have until **April 24, 2020** to file any replies.  Any Ballot submitted by a Claimholder that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying Claim or Interest is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

8. The Confirmation Hearing is hereby scheduled for **April 28, 2020 at 10:00 a.m. (Prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time by the Debtors, without further notice other than by (a) announcing the adjourned date(s) at the Confirmation Hearing (or any continued hearing) or (b) filing a notice with the Court.

9. Objections to confirmation of the Plan, if any, must (a) be in writing and (b) be filed with the Court and served, so as to be received **no later than 4:00 p.m. (Prevailing Eastern Time) on April 9, 2020** (the "Confirmation Objection Deadline") on:

   a. Co-counsel for the Debtors (i) Kasowitz Benson Torres LLP, 1633 Broadway, New York, New York 10019, Attn.: Adam L. Shiff (ashiff@kasowitz.com) and Robert M. Novick (rnovick@kasowitz.com), and (ii) Morris, Nichols, Arsht & Tunnell, LLP 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19801, Attn.: Derek C. Abbott (dabbott@mnat.com), Andrew R. Remming (aremming@mnat.com), and Joseph C. Barsalona II (jbarsalona@mnat.com);

   b. Counsel for the Prepetition Agent and Co-Counsel for the DIP Agent (i) Parker Hudson Rainer & Dobbs LLP, 303 Peachtree Street NE, Suite 3600, Atlanta, Georgia 30308, Attn: Eric W. Anderson (eanderson@phrd.com) and Bryan Bates (bbates@phrd.com), and (ii) Co-counsel for the DIP Agent, Richards Layton & Finger, One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: John H. Knight, Esq. (knight@rlf.com); and

      c.      Co-counsel to the Official Committee of Unsecured Creditors (i) Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Jeffrey Cohen (jcohen@lowenstein.com) and Lindsay Sklar (lsklar@lowenstein.com), and (ii) Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, DE 19801, Attn: Matthew P. Ward (matthew.ward@wbd-us.com); and

      d.      Benjamin Hackman, Esq., Office of the United States Trustee, 844 N. King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801.

The Debtors shall, if they deem necessary in their discretion, file a consolidated reply to any such objections to the Plan by no later than **April 24, 2020 (or two (2) business days prior to the date of any adjourned Confirmation Hearing)**.

10.      The Debtors shall file any affidavits or declarations in support of the release, exculpation, injunction, or indemnification provisions of the Plan (the "First Affidavits/Declarations") no later than **April 9, 2020**, *provided*, *however*, that the Debtors may submit at any time through and including **April 24, 2020 (or two (2) business days prior to the date of any adjourned Confirmation Hearing)**: (i) supplemental affidavits or declarations to the First Affidavits/Declarations; and/or (ii) affidavits or declarations in support of approval of the Plan regarding any issues not covered by the First Affidavits/Declarations.

11.      The Debtors shall permit the Creditors' Committee to take the deposition of the affiant for any First Affidavits/Declarations filed by the Debtors in support of the Plan (the "Deposition"). The Deposition shall occur at a place to be agreed upon in good faith by the Debtors and the Creditors' Committee, during the week of **April 13, 2020**.

12.      The Confirmation Hearing Notice, in substantially the form attached to the Motion as Exhibit D, is approved. The Debtors shall serve the Confirmation Hearing Notice on:

      a.      The U.S. Trustee;

  b.  The Voting Class;

  c.  All entities that are party to executory contracts and unexpired leases with the Debtors;

  d.  All entities that are party to litigation with the Debtors;

  e.  All current and former employees, directors, and officers (to the extent that contact information for former employees, directors, and officers is available in the Debtors' records);

  f.  All regulatory authorities that regulate the Debtors' businesses;

  g.  The office of the attorney general for each state in which the Debtors maintain(ed) or conduct(ed) business;

  h.  All taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

  i.  The Securities and Exchange Commission; and

  j.  All parties who filed a request for service of notices under Bankruptcy Rule 2002 no later than five (5) Business Days after the entry of this Order.

13. Pursuant to Bankruptcy Rule 3017(c), **February 25, 2020**, the date of the hearing on the Motion, shall be the record date for purposes of determining which Claimholders are entitled to receive Solicitation Packages and, where applicable, vote on the Plan (the "Record Date"). For the avoidance of doubt, in addition to any materials referenced in the Motion, the Solicitation Package shall include the Debtors' solicitation letter attached hereto as **Exhibit 1** and the Creditors' Committee's solicitation letter attached hereto as **Exhibit 2**.

14. With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including, without limitation, the passage of any applicable objection period); or (b) the transferee files, no later than the Record Date, (i) the documentation required by

Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

15. Epiq shall serve the Solicitation Package on the Voting Class no later than five (5) Business Days after the entry of this Order containing copies of: (a) the Confirmation Hearing Notice; (b) the Disclosure Statement; (c) the Plan; (d) this Order (without exhibits); (e) a Ballot; and (f) any other documents and materials that the Debtors deem appropriate, which shall include the Debtors' solicitation letter attached hereto as **Exhibit 1** and the Creditors' Committee's solicitation letter attached hereto as **Exhibit 2**. Epiq shall be authorized to serve the Solicitation Package to the Voting Class (other than Ballots and the Confirmation Hearing Notice) in electronic format (*i.e.*, on a CD-ROM or flash drive). Epiq shall provide Ballots only in paper format.

16. Additionally, in accordance with Bankruptcy Rule 2002(l), the Debtors shall publish the Confirmation Hearing Notice (in an abridged and/or modified format for publication) in the national edition of *USA Today*, no later than seven (7) Business Days after the Solicitation Deadline (the "Publication Notice").

17. The Debtors shall not be required to transmit the Solicitation Package to Holders of Claims in the Non-Voting Classes. The Debtors shall mail or caused to be mailed by first-class mail to holders of Claims in the Non-Voting Classes a copy of the Non-Voting Notice, substantially in the form attached to the Motion as **Exhibit C**. Epiq shall complete service of the Non-Voting Notice on the Non-Voting Classes within five (5) Business Days after entry of this Order.

18. The Debtors are authorized to make non-substantive and ministerial changes to any documents in the Solicitation Package without further approval of the Court prior to its

dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Disclosure Statement and the Plan and any other materials included in the Solicitation Package prior to their distribution.

19. The Debtors shall file the Plan Supplement by **April 6, 2020**, provided that the Debtors may amend, supplement, or otherwise modify the Plan Supplement prior to the Confirmation Hearing and/or in accordance with the Plan, *provided*, *however*, that the Debtors may amend, supplement, or otherwise modify the Plan Supplement prior to the Confirmation Hearing and/or in accordance with the Plan.

20. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

21. The Court shall retain jurisdiction to hear and determined all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

22. This Order is effective immediately upon entry.

Dated: March 3rd, 2020
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE