# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| FRED'S, INC., *et al.*,[1] | ) Case No. 19-11984 (CSS) |
| Debtors. | ) Jointly Administered |
|  | ) **Re: D.I. 1059 & ____** |

## AMENDED ORDER, PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE SALE OF CERTAIN CLAIMS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (II) AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS IN CONNECTION THEREWITH, AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors and possession (collectively, the "Debtors") for entry of an order, pursuant to pursuant to 363 of the Bankruptcy Code, rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9014-1, (i) authorizing the Sale of the Claims on an "as is, where is" basis, free and clear of all mortgages, pledges, liens, claims, encumbrances, and interests ("Interests"), to Optium Fund 3, LLC ("Optium") pursuant to the Sale Agreement, dated April 1, 2020, and attached to the Motion as Exhibit B; (ii) authorizing the rejection of certain executory contacts in connection therewith; and (iii) granting related relief; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and due and adequate notice of the Motion having

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Fred's, Inc. (4010); Fred's Stores of Tennessee, Inc. (9888); National Equipment Management and Leasing, Inc. (4296); National Pharmaceutical Network, Inc. (9687); Reeves-Sain Drug Store, Inc. (4510); Summit Properties-Jacksboro, LLC (9161); Summit Properties-Bridgeport, LLC (2200); and 505 N. Main Opp, LLC (5850). The Debtors' address is 6625 Lenox Park, Suite 200, Memphis, TN 38115.

[2] Capitalized terms not defined herein shall have the meanings provided to them in the Motion.

been given under the circumstances; and upon the entire record in the Chapter 11 Cases; and after due deliberation thereon, and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. Proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, and 9014 and no other or further notice of the Motion or sale shall be required.

D. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This is a core matter pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution. Venue of the Chapter 11 Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

E. This order (the "Amended Order") constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h), and 7062, this Court expressly finds that there is no just reason for delay in the implementation of this Amended Order and expressly directs entry of judgment as set forth herein.

F.	Due and adequate notice of the Motion, the proposed sale of the Claims, the hearing on the Motion and the proposed sale of the Claims, and the subject matter thereof has been provided to all parties in interest herein, and no other or further notice is necessary.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

G.	The relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest.  The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion.

H.	The Sale was negotiated and proposed in good faith, from arm's-length bargaining positions, and without collusion.  Optium is a good-faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof.  Neither the Debtors nor Optium have engaged in any conduct that would cause or permit the sale of the Claims to Optium to be avoided under section 363(n) of the Bankruptcy Code.  Optium is not an "insider" of the Debtors as defined in section 101(31) of the Bankruptcy Code or otherwise.

I.	The consideration provided by Optium to the Debtors for the Claims (i) is fair and reasonable, (ii) is the highest or otherwise best offer for the Claims, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, or possession.

J.	Rejection of the thirteen claims servicing agreements that Debtor Fred's, Inc. was party to prepetition (the "Claims Servicing Agreements") is in the best interests of the Debtors.

K.	The Debtors and/or their successor(s) are authorized to sell the Claims to Optium free and clear of Interests of any kind or nature whatsoever, with such Interests transferring and

3

attaching to the proceeds of the Sale with the same validity and priority as such Interests had in the Claims immediately prior to the consummation of the Sale, because one or more of the standards set forth in sections 363(f)(1)–(5) of the Bankruptcy Code have been satisfied. Those holders Interests who did not object to the Motion or the relief requested therein, or who interposed and then withdrew their objections, are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Interests who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Interests, if any, attach to the proceeds of the Sale of the Claims.

L. The Debtors and/or their successor(s) have good, valid and marketable title to the Claims and can sell the Claims free and clear of any Interest pursuant to the Amended Order. The transfer of the Claims to Optium will be a legal, valid, and effective transfer of the Claims and will vest Optium with all right, title and interest of the Debtors to the Claims free and clear of all liens, claims, and encumbrances, including any that purport to provide any party with any right to terminate the Debtors' or Optium's rights to the Claims.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. All objections to the Motion or relief provided herein that have not been withdrawn, waived, or settled are hereby overruled and denied on the merits.

3. Pursuant to section 363 of the Bankruptcy Code and the terms of the Sale Agreement attached to the Motion as <u>Exhibit B</u>, the Debtors are hereby authorized to sell, transfer, and convey the Claims to Optium, pursuant to the Sale Agreement.

4. Optium is granted the protections provided to a good-faith purchaser pursuant to section 363(m) of the Bankruptcy Code.

5.      The Debtors and/or their successor(s) have good, valid and marketable title to the Claims and can sell the Claims free and clear of any Interests pursuant to the Amended Order. The Claims have not been previously sold or transferred. The transfer of the Claims to Optium pursuant to the Sale Agreement constitutes a legal, valid, and effective transfer of the Claims, and shall vest Optium with all right, title, and interest of the Debtors and/or their successor(s) in and to the Claims.

6.      The Claims sold pursuant to the Sale Agreement to Optium are being sold "AS IS-WHERE IS," without any representations or warranties from the Debtors other than as specified in the Sale Agreement.

7.      The Claims shall be sold free and clear of all Interests, with any Interests, or the proceeds thereof, to attach to the proceeds of such sale with the same validity, priority, and effect as they have against the Claims.

8.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtors and/or their successor(s) and Optium, as well as their officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Sale Agreement. Any actions taken by the Debtors and Optium necessary or desirable to consummate such transaction prior to the entry of this Amended Order are hereby ratified.

9.      The Claims Servicing Agreements are hereby rejected.

10.     This Amended Order supersedes and replaces in all respects the *Order, Pursuant to Section 363 of the Bankruptcy Code, (I) Authorizing the Sale of Certain Claims Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (II) Authorizing the Rejection of Certain Executory Contracts in Connection Therewith, and (III) Granting Related Relief* [D.I. 1094].

11.     The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to the Sale or this Amended Order.

**Dated: June 11th, 2020**
**Wilmington, Delaware**

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE