**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Fred's, Inc., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 19-11984 (CTG)<br><br>(Jointly Administered) |
| FI Liquidating Trust,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Ecolab Inc.,<br><br>　　　　　　　　　　Defendant. | Adv. No. **Refer to Summons** |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

The FI Liquidating Trust (the "Plaintiff" or "Trust"), by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against Ecolab Inc. (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief that:

**NATURE OF THE CASE**

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all (a) preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Fred's, Inc. (4010); Fred's Stores of Tennessee, Inc. (9888); National Equipment Management and Leasing, Inc. (4296); National Pharmaceutical Network, Inc. (9687); Reeves-Sain Drug Store, Inc. (4510); Summit Properties-Jacksboro, LLC (9161); Summit Properties-Bridgeport, LLC (2200); and 505 N. Main Opp, LLC (5850). The Debtors' current mailing address is c/o FI Liquidating Trust, 27 Crimson King Drive, Bear, DE 19701.

1

proceedings of Fred's, Inc. and its affiliated debtors (collectively, the "<u>Debtors</u>")[2] pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and, subject to proof, (b) transfers that may have been fraudulent conveyances pursuant to sections 548 and 550 of the Bankruptcy Code.

2.  In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights and the rights of the Debtors to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.  This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>"), captioned *In re: Fred's, Inc., et al.,* Case No. 19-11984 (CTG), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.  The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

5.  This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

6.  Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1409.

---

[2] The "Debtors" are all entities listed in footnote 1.

7.  Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that Plaintiff consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**PROCEDURAL BACKGROUND**

8.  On September 9, 2019 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

9.  On September 10, 2019, the Court entered an order authorizing the joint administration of the chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b) [D.I. 52].[3]

10. On June 4, 2020, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Amended Joint Chapter 11 Plan for Fred's, Inc. and the Debtor Affiliates Set for Herein* confirming the *Modified Amended Joint Chapter 11 Plan for Fred's, Inc. and the Debtor Affiliates Set for Herein* (the "Confirmation Order" and "Plan," respectively). [D.I. 1162].

11. The effective date of the Plan (the "Effective Date") occurred on Jun 19, 2020. [D.I. 1199]. In accordance with the Plan and Confirmation Order, the Trust was established effective as of the Effective Date of the Plan, and the Debtors and Anthony M. Saccullo as trustee entered into that certain Liquidating Trust Agreement.[4]

---

[3] All docket items referenced are from Case No. 19-11984, under which the Debtors' bankruptcy cases are jointly administered.

[4] *See* D.I. 1109. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, Confirmation Order, and/or Liquidating Trust Agreement.

12. Pursuant to paragraph 9 of the Confirmation Order and Article VIII.J of the Plan, retained Causes of Action, including causes of action under chapter 5 of the Bankruptcy Code, were transferred to the Trust. [D.I. 1162].

13. Pursuant to paragraph 15 of the Confirmation Order, the implementation of substantive consolidation of the Debtors' estates, as provided for in Article II of the Plan, was approved. Upon the Effective Date of the Plan, "(a) all assets and all liabilities of the Plan Debtors shall be deemed merged into the Liquidating Trust, (b) all guaranties of any Plan Debtor of the payment, performance, or collection of obligations of another Debtor shall be eliminated and cancelled, (c) any obligation of any Plan Debtor and all guaranties thereof executed by one or more of the other Plan Debtors shall be treated as a single obligation, and such guaranties shall be deemed a single Claim against the consolidated Plan Debtors, (d) all joint obligations of two or more Plan Debtors and all multiple Claims against such entities on account of such joint obligations shall be treated and allowed only as a single Claim against the consolidated Plan Debtors, and (e) each Claim filed in the Chapter 11 Case of any Plan Debtor shall be deemed filed against the consolidated Plan Debtors and a single obligation of the consolidated Plan Debtors on and after the Effective Date." As further specified in Article II of the Plan, "(i) all assets and liabilities of the Debtors shall be merged, (ii) any obligations of any Debtor shall be deemed to be one obligation of the Debtors, (iii) any claims Filed or to be Filed in connection with any such obligation shall be deemed one claim against the Debtors, (iv) each Claim Filed in the Chapter 11 Case of any Debtor shall be deemed Filed against the Debtors in the consolidated Chapter 11 Cases, in accordance with the substantive consolidation of the assets and liabilities of the Debtors, and (v) all transfers, disbursements and distributions made by any Debtor shall be deemed to be made by all of the Debtors."

14. Pursuant to Article IV.A of the Plan and Article III of the *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Debtors' Joint Plan* (the "Disclosure Statement"),[5] General Unsecured Claims comprise an impaired class of creditors and are not expected to be paid in full.

## THE PARTIES

15. Pursuant to the Plan, Confirmation Order, and Liquidating Trust Agreement, Plaintiff was created and established as the Trust. Plaintiff is authorized and has standing, among other things, to prosecute and settle certain causes of action under chapter 5 of the Bankruptcy Code, including this avoidance action.

16. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that developed and offered services, technology and systems that specialized in water treatment, purification, cleaning and hygiene to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 1 Ecolab Place, St. Paul, Minnesota 55102-5510. Plaintiff is informed and believes and on that basis alleges that Defendant is a corporation residing in and subject to the laws of the State of Delaware.

## FACTUAL BACKGROUND

17. As more fully discussed in the Disclosure Statement, the Debtors were operators of general merchandise and pharmacy stores, generally serving low-, middle-, and fixed-income families, often located in small- to medium-sized towns in rural areas. The Debtors stocked items that addressed the everyday needs of its customers, and certain locations contained a pharmacy department that offered healthcare services.

---

[5] D.I. 896.

18. Prior to the Petition Date, the Debtors, as operators of general merchandise and pharmacy stores, maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services. The Debtors also regularly paid for services used to facilitate its business.

19. For more than a year prior to the Petition Date, the Debtors had been executing turnaround strategies to create value by monetizing non-core assets, closing underperforming stores, and reducing debt levels.[6] In the months preceding the Petition Date, the Debtors' cash flows were severely constrained due to, among other things, negative cash flows from operations and reserves and other restrictions imposed by the Prepetition Credit Parties, and the Prepetition Revolving Credit Facility had been in an over advance state. The Debtors, along with their advisors, sought to refinance the business in an out-of-court context in early summer 2019, but such efforts were not ultimately successful.

20. As of the Petition Date, the Debtors utilized a cash management system (the "Cash Management System") for the collection, concentration, management, and disbursement of funds in the Debtors' business.[7] As of the Petition Date, the Cash Management System consisted of 312 bank accounts (the "Bank Accounts") maintained at various financial institutions, including Regions Bank.

21. Among these Bank Accounts, disbursements to vendors were made from the following accounts: accounts ending 3377 and 4352 held by Fred's Inc. at Regions Bank (collectively, the "Disbursement Accounts"). [*See* D.I. 11].

---

[6] A summary of the Debtors' prepetition operations, debt structure, and factors that led to the Bankruptcy Case are set forth in the Disclosure Statement and are incorporated herein by reference.

[7] *See Debtors' Motion of for Entry of Interim and Final Orders (I) Authorizing the Debtors To (A) Continue Using Existing Centralized Cash Management System, (B) Honor Certain Prepetition Obligations Related to The Use of The Cash Management System, and (C) Maintain Existing Bank Accounts and Check Stock And (II) Granting Related Relief*, incorporated here by reference (the "Cash Management Motion") [D.I. 11].

22. The Debtors drew upon the Disbursement Accounts to pay for their operational costs, including payment to their vendors, suppliers, distributors, and other creditors, including Defendant.

23. During the ninety (90) days before the Petition Date, that is between June 11, 2019 and September 9, 2019 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, credit card payment, or otherwise to various entities.

24. Upon information and belief, during the course of their relationship, the Defendant and one or more of the Debtors entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant to one or more of the Debtors as described in the "Parties" section of this Complaint. The payments to the Defendant in respect of the Agreements during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A. Such details include "Invoice Number," "Invoice Date," and "Invoice Amount."

25. One or more of the Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $18,800.45 (the "Transfer" or "Transfers"). The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

26. Plaintiff is seeking to avoid all of the transfers of an interest of the Debtors' property made by the applicable Debtor(s) to Defendant within the Preference Period.

27. On or about August 10, 2021, Plaintiff, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to section 547(c) of the Bankruptcy Code, and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same.

28. Plaintiff also performed Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant. As part of Plaintiff's due diligence, Plaintiff reviewed the books and records in Plaintiff's possession and identified that Defendant potentially has $0.00 in invoices qualifying for the subsequent new value defense under section 547(c)(4) of the Bankruptcy Code. However, the subsequent new value defense is an affirmative defense, for which Defendant bears the burden of proof under section 547(g). The potential new value is based on the invoice date in the books and records. As the dates for new value are often based on the shipping dates for goods and the actual dates of service for services, this new value is subject to adjustment. Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to this new value.

29. Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

30. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in

property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

31. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this First Claim for Relief.

32. As more particularly described on Exhibit A attached hereto and incorporated herein, during the Preference Period, the Debtor(s) identified on Exhibit A made Transfers to or for the benefit of Defendant in an aggregate amount not less than $18,800.45.

33. Each Transfer was made from one or more of the Disbursement Accounts described *supra,* and constituted transfers of an interest in property of the transferring Debtor(s) as identified on Exhibit A.

34. Defendant was a creditor at the time of each Transfer by virtue of supplying the Debtor(s) identified on Exhibit A the goods and/or services identified in this Complaint and in the Agreements, as more fully set forth on Exhibit A hereto, for which the Debtor(s) identified on Exhibit A were obligated to pay following delivery in accordance with the Agreements.

35. Each Transfer was to or for the benefit of a creditor within the meaning of section § 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor(s) identified on Exhibit A to Defendant.

36. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor(s) identified on Exhibit A to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the transferring Debtor(s) as set forth on Exhibit A hereto.

37. Each Transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

38. Each Transfer was made during the Preference Period, as set forth on Exhibit A.

39. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtors' liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estates.

40. In accordance with the foregoing, each Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

41. Plaintiff hereby incorporates all previous allegations as though fully set forth herein, to the extent they are not inconsistent with allegations contained in this Second Claim for Relief.

42. To the extent one or more of the Transfers identified on <u>Exhibit A</u> was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was a transfer made by one Debtor without a corresponding transfer into the payment account by the Debtor incurring the debt, Plaintiff pleads in the alternative that the Debtor(s) making such transfer(s) did not receive reasonably equivalent value in exchange for such transfer(s) (the "<u>Potentially Fraudulent Transfers</u>"); and

    A. The Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

    B. The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors was an unreasonably small capital; or

    C. The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

43. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

## <u>COUNT III</u>
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

44. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

45. Plaintiff is entitled to avoid the Transfer(s) pursuant to section 547(b) of the Bankruptcy Code and/or any Potentially Fraudulent Transfers pursuant to section 548 of the Bankruptcy Code (collectively, the "<u>Avoidable Transfers</u>").

46. Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

47. Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

## COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

48. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Claim for Relief.

49. Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

50. Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

51. Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

52. Pursuant to section 502(j) of the Bankruptcy Code, any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief against Defendant:

A. On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant

to return to Plaintiff the amount of the Avoidable Transfers, pursuant to sections 547(b), 548, and 550(a) of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtors until Defendant returns the Avoidable Transfers to Plaintiff pursuant to sections 502(d) and (j) of the Bankruptcy Code; and

C. Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: September 8, 2021

**CONNOLLY GALLAGHER LLP**

*/s/ N. Christopher Griffiths*
N. Christopher Griffiths (#5180)
Lisa Hatfield (#4967)
1201 North Market Street, 20th Floor
Wilmington, Delaware 19801
Telephone: (302) 888-6313
Email: cgriffiths@connollygallagher.com
　　　　lhatfield@connollygallagher.com

-and-

**ASK LLP**

By: */s/ Joseph L. Steinfeld, Jr.*
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Anastasia Kazmina, Esq., MN SBN 0398419
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: (651) 289-3854
Fax: (651) 406-9676
Email: akazmina@askllp.com

*-and-*

Edward E. Neiger, Esq.
60 East 42nd Street, 46th Fl.
New York, NY  10165
Telephone: (212) 267-7342
Fax: (212) 918-3427

*Counsel for Plaintiff*